Manly, J.
 

 The ease turns upon the point, whether a contested election to the sheriff’s office, (which according to the Revised Code, chap. 105, section 13, is to be decided by the county court, a majority of the justices being present,) is an action before that tribunal, within the purview of the Code, chapter 31, section 75. Ve think not. The Court has had occasion often to remark, that costs are given in all cases, by virtue of express legislative provisions. The costs, in a controversy of the kind, now before us, is not specially given in the chapter and section of the Code, which establishes the tribunal for deciding it, and they must, therefore, be awarded, if at all, by virtue of the general provisions, on the subject, in the 75 section of the 31 chapter, above referred to.
 

 That section declares, “ that in all
 
 actions
 
 whatsoever, the party, in whose favor judgment shall be given, shall be entitled to full costs.” Is our case, then, an
 
 action
 
 within the provisions of this section ? Practically, the term “ action,” is now exclusively appropriated to those forms of judicial remedy, which are ranked under the three-fold division of real, personal and mixed actions. But it is not necessary, as we conceive, to restrict the meaning of the term to this technical sense, in order to exclude a contested election from being intended by its use. Burrill in his Law Dictionary, title, “ Action,” defines that term to mean
 
 “
 
 The formal means, or method of pursuing and recovering one’s right in a court of justice.” It is synonymous with
 
 “
 
 suit.” If there be any distinction, it is that the former is applied, exclusively, to proceedings in a court of Law, while the latter is applied, indiscriminately, to proceedings in Law and Equity. In the use of either, the plain import would seem to be some one of the ordinary proceedings, conducted by the usual
 
 formibla
 
 for establishing and enforcing rights in a court of justice; which this, clearly, is not.
 

 In the .case of Daughtrey
 
 ex parte,
 
 6 Ire. 155, it is decided
 
 *280
 
 that the case of a contested election of clerk in the county court, is not subject to an appeal to the superior court. This must be upon the idea, either that it is not like an ordinary suit and subject to its rules, or that it is not before the justices, in their judicial capacity. Eor, if it be a suit, and before them as a court, a right of appeal would follow under the general provisions of law regulating appeals.
 

 If our Code of laws be consulted as to the duties prescribed for the county court, it will be seen that these duties are not confined to those which are strictly judicial, but are of the nature, occasionally, of executive or legislative duties. The passing upon the election of sheriff, seems to pertain to one of these latter departments, in governmental affairs, and belongs to the functions of the county court, which are not judicial.
 

 The cases of
 
 Jones
 
 v.
 
 Physioc,
 
 1 Dev. and Bat. 173, and the State ex. rel.
 
 Dickens
 
 v.
 
 Justices of
 
 Person, 1 Dev. and Bat. 406, are not opposed to our conclusions in this case. The first involved, simply, an enquiry, -whether one, as to whom costs are asked, was a
 
 party.
 
 The statute gave costs expressly against any one who should make himself a party. The second was a case of
 
 mandamus
 
 dismissed and costs taxed against the petitioners
 
 as upon a rule
 
 nisi.
 

 We
 
 are of opinion, the contested election, before the County Court, in this case, was not an action, which entitled the successful party, by virtue of the statute, to costs. The judgment, therefore, of the County Court, directing costs to be taxed, was erroneous, and such judgment, under'the general law, was the subject of appeal, which lies from any sentence, judgment or decree of that court.
 

 The judgment of the Superior Court, which, likewise, gave costs upon the election controversy, should, therefore, be reversed with costs, both in this Court, and in the Superior Court, against the appellee.
 

 Per Curiam,
 

 Judgment reversed.