————o————

D. K. STEELE, Respondent, vs. SAMUEL WEAR, Appellant.

1. *Legislature—Contest for seat in—Costs, how adjusted.*—The contestee for a seat in the General Assembly of the State cannot have his action against the unsuccessful contestor for costs expended in the contest, where the same is carried on before the Legislature. Section 58 of the Act touching Elections, (Wagn. Stat., 574,) applies only to contests had before the courts of the country.

*Appeal from Cooper Circuit Court.*

*Hayden & Tompkins,* for Respondent.

I. The right to costs depends altogether on Statute. (2 Bac. Abr. title "Costs," p. 484, "A"; Tidd's Pr. p. 864; Bouv. Law Dict. I Vol., title, "Costs," p. 370 and authorities referred to.)

II. That each House sits as a court, exercising judicial functions in deciding upon the election, etc., of members, and that their judgments in such cases are conclusive. (See Cool. Const. Lim., p. 133.)

III. If costs were allowed as part of such judgment, then

the only means to enforce payment of them is by process on the judgment, or by suit based on it, and an action in the nature of assumpsit for cost *eo nomine* will not lie. (Wagn. Stat., 574, § 58.)

*McMillan Bros.,* for Respondent.

I. The statute in relation to Elections provides that, " in all contested election cases, costs may be adjudged against the unsuccessful party, and payment thereof enforced as in civil cases." And the statute in relation to costs in civil cases, provides that, " in all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except cases in which a different provision is made by law." (Wagn. Stat., 374, § 58, also, 343, § 6.)

II. The justices of the peace, selected by appellant and respondent to attend to the taking of the depositions in said contested election case, had no power to adjudge costs. Their power is limited by the statute to subpœnaing witnesses and taking and certifying the depositions. The House of Representatives could not enter up a judgment and enforce its collection as in civil cases. Hence the statute above referred to would be meaningless when applied to the case at bar, unless the respondent has his remedy against appellant in a civil action to collect costs which are forced upon him in an unsuccessful attempt by appellant to oust him from his seat in the legislature.

III. The appellant being unsuccessful in his said contest before the legislature, the statutes make him liable to the respondent for costs, and the respondent may bring his action to enforce the collection thereof, in any court of competent jurisdiction. (Davis vs. Farmer, 28 Mo., 54; Peralta vs. Adams, 2 Cal., 594.)

VORIES, Judge, delivered the opinion of the court.

This action is brought by the plaintiff to recover from the defendant, certain costs expended by plaintiff in a proceeding, instituted by defendant before the House of Representatives

of the General Assemby of the State of Missouri, to contest the election of plaintiff to the office of representative from Cooper county, to said House of Representatives.

The petition is substantially as follows. It is charged that plaintiff was on the eighth day of November, 1870, duly elected, Representative to the Twenty-sixth General Assembly of the State of Missouri from the Second Assembly District of Cooper county in said State ; that on the first day of December, 1870, said defendant proceeded to contest the declared election of plaintiff as such representative, and in pursuance of the statute in such case provided, plaintiff selected and employed one George W. Koonts, a Justice of the Peace, for Cooper county, to attend to the taking of the depositions in said contest on the part of plaintiff; that said justice, in connection with a justice selected by the defendant, proceeded to take the depositions of witnesses in said cause, for the period of seventeen days, and which said depositions were duly certified and sent to the speaker of said House of Representatives of the Twenty-sixth General Assembly, of the State of Missouri as the law directs ; that in and about his defense to said contest, plaintiff was compelled to and did spend a large sum of money in procuring the services of constables in summoning witnesses and justices of the peace, in issuing subpœnas and in fees paid witnesses for their attendance to give their depositions. The petition setting forth the officers and witnesses to whom the money was paid and the amount paid each, amounting in the whole to $158.15, which said sum consisted of th e legal fees, of such officers and witnesses for their services and attendance, etc.; that said contest was prosecuted before said House of Representatives by defendant to its final termination in which defendant was defeated in his contest and plaintiff by the final decision and resolution of said House of Representatives, declared to be the duly elected member, etc. Whereby an action accrued to plaintiff to have and recover of and from the defendant, the said sum of money so expended with interest, costs, etc., and for which judgment was prayed.

The defendant demurred to this petition, stating among other

causes that the petition, did not state facts sufficient to constitute a cause of action, and that from the facts stated in the petition no such sums were allowed by law for such services, as costs, and that no costs had been adjudged in plaintiff's favor, wherefore no recovery could be had in the case. The court overruled the demurrer, and the defendant refused to further plead in the cause, when final judgment was rendered in the cause in favor of the plaintiff, for the sum of $165.26 with costs. From this judgment the defendant appealed to this court, where he insists that the petition contains no cause of action and that his demurrer ought to have been sustained. The only question presented to this court by the record of the case is whether the petition of the plaintiff presented facts, out of which a legal liability could arise on the part of the defendant, to pay the plaintiff the money demanded.

At common law the plaintiff was not entitled to recover costs in any case. Statutes were passed in England allowing the recovery of costs, in cases where damages were recoverable, and costs could be recovered there in no other cases except the recovery was authorized by a statute authorizing the recovery of costs, in the particular case. (Kneass vs. The Schuyler Bank, 4 Wash C. C., 106; Hart vs. Fitzgerald, 2 Mass., 509.)

In most of the States in this country, costs are made recoverable by the prevailing party in an action. In some states, even what is considered a reasonable fee for the attorney of the successful party, is recoverable from his antagonist, in the way of costs, and in this State a fee is recoverable against the defendant in criminal cases, in favor of the prosecuting attorney. In civil actions costs are allowed in this State to the prevailing party in almost, if not all civil actions prosecuted in the courts of this State. By the sixth section of the statute concerning Costs (Wagn. Stat., [Ed. 1872,] 343), it is provided that "in all civil actions or proceedings of any kind, the party prevailing shall recover his costs against the other party, except in those cases in which a different provision is made by law." This changes the rule of common law and establishes the general rule, that costs are recoverable in civil actions or proceed-

ings unless a different provision is made by law, but we do not think that this statute applies to contested elections, not even in cases where the contest is had before the courts of the country. The statute only applies to the general actions and proceedings commenced and prosecuted in the courts of the country, where costs can be recovered as a part of, and incident to the judgments rendered by the courts. It seems that the legislature so understood it, for when we refer to the statute concerning contested elections, we find that a special provision is made in reference to costs where such contests are had before the courts of the country.

By they 58th section of the statute concerning Elections, (Wagn. Stat., 574,) it is provided that, "In all contested elections costs may be adjudged against the unsuccessful party, and the payment thereof enforced as in civil cases." This section it will be observed from its connection with the other sections of the act, and from the whole subject matter only applies to contests of elections which can be had before the courts where costs can be adjudged and the payment thereof enforced as in civil cases by execution on fee bill or in some other manner provided for in the courts. In the very nature of the case, no costs could be adjudged or enforced by the House of Representatives, where they decide the contest by resolution of the House. No judgment is rendered or could be rendered or adjudged in such cases, and no payment could be enforced as costs are enforced in civil cases. It could not, therefore, have been intended by the legislature that this last quoted section should apply to any contests but those authorized to be contested in the courts of the country. It may be hard in such case for the plaintiff to be put to costs, which he had no means provided by law by which he could recover it back from the unsuccessful party; but the common law gives him no remedy, in such case, and we do not think he has any by statute.

The cases referred to by the plaintiff, are cases where costs were plainly allowed, and, in fact, an express promise or understanding to pay them. (Heard vs. Farris, 1st Littell [Ky.] 246.)

The demurrer in this case ought to have been sustained.

The judgment of the Cooper Circuit Court will be reversed. ·

The other judges concur.