## DAVIS *v.* MOORE.

Opinion delivered March 8, 1902.

ELECTION CONTESTS—COSTS.—Sand. & H. Dig., § 2698, providing that in election contests "either party may, on giving notice to the other party, take depositions to be read in evidence on the trial," is mandatory, and exclusive of any other method of taking testimony, so that a judgment against an unsuccessful contestant does not carry the costs of summoning witnesses for the trial nor for their attendance thereat.

Appeal from Little River Circuit Court.

WILL P. FEAZEL, Judge.

Reversed.

*T. E. Webber* and *Jones & Neill,* for appellant.

Vexatious and unnecessary costs should be disallowed. 17 Ark. 261. Since the cause was never set down for trial on any particular or certain day, there could be no subpœnas issued. *Cf.* Sand. & H. Dig., §§ 2930, 2933, 590, 5802. The alleged rule of court that all causes should be set and stand for trial on the first day of the term, unless otherwise ordered, not being of record, was not a sufficient setting of the cause to authorize the issuance of subpœnas. 22 Ill. 161; 166 Ill. 336; 115 Ill. 300; 148 Ill. 575; 10 Ia. 149; 2 Mo. 98; 3 B. Mon. 420. Sand. & H. Dig., § 590, which makes it the duty of the clerk to post the court calendar, is mandatory, and the rule of the court could not dispense with the necessity therefor. 31 Cal. 101. Rules of courts must be in harmony with the statutes. 18 Enc. Pl. & Pr. 1239; 9 Ark. 133; 18 Ark. 268; 18 Ark. 266; 58 Ark. 545; 50 Mo. 458; 58 Mo. 242; 77 Fed. 476; 26 Ill. App. 278; 19 Ga. 220; 7 Yerg. 502; 68 Ind. 444; 13 Cent. Dig. § 274, *cc.* 2109-2111; *ib.* § 276, *c.* 2112; 23 Ark. 646; 70 Fed. 403; 17 La. 252.

*Oscar D. Scott, Paul Jones* and *J. C. Heard,* for appellee.

The court has control of its own docket, and has power to set cases by its own rule.

BUNN, C. J.   This is a suit to vacate a judgment for costs by the unsuccessful contestant and his bondsmen in an election contest against the appellee, in whose favor the costs were adjudged. The costs involved are such as were incurred in the issuance of summonses to, and service of the same upon, witnesses of the contestee and witnesses' fees in this case.   The petition to retax the costs, and vacate the judgment therefor, which amounts to the sum of $971.31, was denied by the circuit court, and the plaintiffs, the contestant and his bondsmen, appealed to this court.

It appears from the record that there were two or more cases of contest for county offices pending in the Little River circuit court, growing out of the general election of 1894, and among them a contest for the office of clerk and of assessor.   It further appears that the contest for the office of clerk was tried by the circuit court at its October term, 1894, and resulted in favor of the contestee, and that the other case or cases, it was agreed, should abide the result of the one determined in the circuit as aforesaid, which had been appealed to the supreme court, and by reason of this agreement nothing was done in the untried cases until the determination of the first case on appeal in the supreme court. After the determination of that case by the supreme court, the contest case for the office of assessor was called up in the circuit court, at its July term, 1898, and judgment was taken against appellant and his bondsmen for the costs in that case, as aforesaid, without trial, but in furtherance of the agreement to let the case abide the decision of the supreme court in the other case.

In the second paragraph of their petition, plaintiffs aver that before the issuance of any subpœnas in the case, out of which the said costs accrued, it was agreed between counsel of both parties and so understood that no subpœnas should issue on either side, but that the said cause should stand until the same was set by agreement of counsel.   And in the first paragraph of their petition plaintiffs aver that no day was ever set for the trial of said cause, and that all the summonses issued and served upon witnesses in this cause on the part of the contestee in said cause were issued and served contrary to said agreement, and were therefore not a proper charge as costs.   In the third paragraph of their complaint petitioners say that at the January term of said court, 1896, it was agreed and understood between counsel representing plaintiff and defendant, and so announced by the judge in open court from the

bench, that no further action or steps should be taken in this cause until the cause of *Walker* v. *Cheever,* appealed to the supreme court, was decided in said court, and that this cause was to abide the decision in said case.

The respondent in his answer denies the agreement set forth in the petition, and there was evidence pro and con on that point, and the court in its findings states that the agreement and announcement alleged in the petition to have been made in open court and by the court at its January term, 1896, was not made at that term of the court, but that such was agreed and such was the announcement of the court at its July term, 1896. So that as to that point the question narrows down to a mere difference as to dates. The leading counsel for petitioners testifies that he was not present at the July term, but was present at the January term, 1896, and made the agreement aforesaid. He states further in his deposition that he attended said court at said January term, and that he had never attended it since. This should have been easily settled by referring to the record, if the same were kept with ordinary accuracy. Such, in brief, are the facts upon which the decree of the lower court was founded, and the temporary restraining order therein granted was dissolved.

But, in our view of the case, it is unnecessary to discuss the facts in evidence further than they incidentally serve to give a history of the case. The circuit court was not the court of original jurisdiction, and yet all the witnesses were summoned to appear therein. As we infer from the testimony of the leading counsel of contestee in the case, the witnesses were summoned, at the latest, soon after the determination of the clerk's contest case in the circuit court, for it seems that it was at a time when the question whether the contestant would prosecute his appeal in the supreme court was raised. These witnesses might have been summoned before that.

The statute on the subject of taking testimony in contested election cases in this state reads thus: "Either party may, on giving notice to the other party, take depositions to be read in evidence on the trial, and the court shall, at the first term (if fifteen days shall have elapsed after such election, and, if less than fifteen days, then at the second term) in a summary way, determine the same according to evidence." Sand. & H. Dig., § 2698. The word "may" gives rise to the principal question in

construing this statute, and it becomes important to ascertain whether it was used by the legislature in its mandatory or directory sense; and to do this we are to look to the object and purpose of the legislators in enacting the law, in the light of the circumstances surrounding them at the time of its passage.

In contested election cases, it is usually the case that witnesses are so numerous that to have them all to be summoned to appear in open court at a certain time, and to have them remain there until the testimony of all have been taken, would involve such expense as to deter even the most meritorious contestant from ever trying his fortune in that way; but the most important matter to the public would be the delay of the courts in disposing of such cases in the usual way. For these and other reasons, we are of opinion that the statute is mandatory, and was enacted to expedite the trial of contested election cases, and economize the same as far as possible.

It is our opinion, also, that election contests are special proceedings, and not civil actions under the Code, and everything must be done therein according to the statute regulating such proceedings, where such statute exists; that in this state the taking of testimony is provided for by statute.

In *Knox* v. *Fesler*, 17 Ind. 254, it was held "that a contested election is not a civil case, but is a special proceeding, and must be controlled by the statutory provisions authorizing and regulating it, as to the costs therein, and that costs follow the judgment, by the general statute, only in civil cases." The same rule is announced in *Patterson* v. *Murray*, 53 N. C. 278, in which the court used this language: "A contest before the justices of a county court, in regard to sheriff's election, is not an action within the meaning of the Revised Code, c. 31, § 75, so that the successful party can recover costs." In *Borgstede* v. *Clarke*, 5 La. Ann. 733, the court held that "the general rule prescribed by the code of practice that the party cast shall be condemned to pay the costs applies to civil suits, and not to proceedings under the act of June 1, 1846, in reference to contested elections." In *Steele* v. *Wear,* 54 Mo. 531, which was a contest for a seat in the legislature, the court held that no costs could be adjudged, unless it has been provided for by statute regulating these proceedings. The meaning of all these decisions is that in such special proceedings the general rule as to costs going with the judgment does not apply, and that

costs, like all other incidents of such special proceedings, are to be determined and appropriated according to the provisions of the statute on the subject, when there is such provision.

As to costs in this state no special provision seems to have been made for the successful contestant, but on behalf of the contestee the contestant is required to give bond to pay the costs adjudged against him. We think the taking of testimony in election contest cases is regulated by the statute, and that the method so provided is exclusive of other methods, and that the claim for the issuance of and service of summons upon witnesses and for their attendance fees is unauthorized by law, and that the temporary injunction should not have been dissolved, but made perpetual as to the costs claimed and held to be unauthorized in the opinion.

Reversed and remanded, with directions to ascertain the costs improperly charged against plaintiffs under the law as here laid down, and to make the injunction perpetual.

BATTLE and RIDDICK, JJ., dissenting.