### FERGUSON *v.* WOLCHANSKY.

### Opinion delivered April 15, 1918.

1. USURPATION OF OFFICE—COLOR OF TITLE THERETO.—Persons assuming to act under an election authorized by law have color of title to the office, and are not usurpers within the meaning of the statute.

2. USURPATION OF OFFICE—CONTEST—ALLEGATIONS.—In an action under Kirby's Digest, section 7983, to contest the right to hold office, with one alleged to be a usurper thereof, it devolves upon the party complaining, in order to state a cause of action, to allege that the defendant was not acting under an election to office, and is a usurper; it is insufficient merely to set forth facts invalidating the election.

3. SCHOOL DIRECTORS—CONTEST OF OFFICE.—A contest of the election of a school director is provided for in Kirby's Digest, section 2860.

Appeal from Desha Circuit Court; *W. B. Sorrells,* Judge; affirmed.

*X. O. Pindall, Danaher & Danaher* and *P. S. Seamonds,* for appellants.

1. The demurrer confesses the truth of the complaint. Bliss Code Pl., § 418. There was no election under act 55 Acts 1917, pp. 233-4. Plaintiffs are the legal directors. 23 Am. St. 51; 83 Am. Dec. 751; 65 Ga. 260, etc.

2. It was error to sustain the demurrer. The court should have waited for proof as to whose fault it was that the election was not held. 75 Ind. 518; 22 Oh. St. 340; 31 Mich. 78.

3. Defendants were mere volunteers and usurpers. 95 Ark. 26; Kirby's Digest, § 7983. The proper remedy

was sought. Bliss Code Pl. § § 453-4; 66 Ark. 201; 68 *Id.* 555; 84 *Id.* 551; 27 *Id.* 13. The directors were never legally elected under the act and it has no force. 36 Cyc. 1200; 26 Ala. 619; 17 Cal. 23; 3 Mass. 106. See also 9 Neb. 490; 4 N. W. 75; 36 Cyc. 1200; 31 Ark. 701; 9 La. Ann. 237; 8 *Id.* 401; 12 C. J. 721; 4 Cent. L. J. 442.

*F. M. Rogers,* for appellees.

Appellant's offices were abolished by the act. It was legally passed. The court had no jurisdiction and the demurrer was properly sustained. K. & C. Dig. § § 9593-4-5-6. Appellees were not usurpers. They, at least, had color of title. The complaint stated not facts, but mere conclusions. Mere irregularities do not avoid an election. The act of 1917 was operative. 6 Wall, 499. No title to the office is alleged or proven in plaintiffs. It is alleged that an election was held or that appellees were elected, hence they had color of title and were not usurpers.

McCULLOCH, C. J. The General Assembly of 1917 by special statute created Special School District of Watson, in Desha County, out of territory which then constituted Common School District No. 9, Acts of 1917, p. 233. The act was approved by the Governor on February 8, 1917, and, having the emergency clause, went into effect immediately. Section 4 of the statute provided that the directors of the common school district "shall hold the annual school election in May, 1917, and at said election six directors shall be elected, two of whom shall serve for a term of one year, two shall serve for two years, and two shall serve for three years; and thereafter at each annual election two directors shall be elected to serve for three years."

Appellants were the directors of the old common school district and instituted this action in the circuit court of Desha County against appellees pursuant to the terms of the statute which provides that whenever a person "usurps an office or franchise to which he is not en-

titled by law, an action by proceedings at law may be instituted against him, either by the State or the party entitled to the office or franchise, to prevent the usurper from exercising the office or franchise.'' Kirby's Digest, sec. 7983.

It is alleged in the complaint that appellees ''wrongfully and falsely claim that they are directors of said school district, have assumed to act as such and have usurped the offices of the plaintiffs, and have attempted to make contracts with teachers for said district, and to do other acts which plaintiffs alone have the right to do.'' The further allegations of the complaint with respect to the legal status, conduct and claims of appellees concerning their relations with the school district read as follows:

''Defendants claim to have been elected as directors of Watson Special School District, and that said district abolished said School District Number Nine; but plaintiffs state that said election, which was attempted to be held on the 19th day of May, 1917, at Watson, Arkansas, was illegal and void, because no judges were selected or acted as provided by law, nor were any clerks so selected or appointed, and no clerks or judges took the oath of office, or qualified, as required by law; that mere bystanders pretended and undertook to conduct an election, and, by threats and force, coerced and compelled voters, against their wills and desires, to cast ballots prepared by said bystanders; and the said bystanders who pretended to conduct said election allowed numbers of men, in no manner qualified as voters, to place ballots in the ballot box. Plaintiffs state, that if the said election had been conducted in the manner provided by law, and only legal votes allowed to be cast, the defendants would not have received a majority of said votes, and would not have been elected.''

The trial court sustained a demurrer to the complaint and entered judgment dismissing the complaint, from which an appeal has been prosecuted.

(1-2)   Appellants attempted to state a cause of action within the statute above referred to in relation to suits against usurpers in office, but we are of the opinion that they have failed to state a cause of action within that statute.   Persons assuming to act under an election authorized by law, have color of title to an office and are not usurpers within the meaning of the statute, and the allegations of the complaint when considered all together are sufficient to show that appellees are acting, at least, under such color of title to the offices of school directors.

It is alleged in the complaint that appellants claim to have been elected at an election which was attempted to be held on the day prescribed by law for holding school elections, but that the election was illegal for the reasons further stated.   At any rate, it devolved on appellants in order to state a cause of action, to allege that appellees were not acting under an election to office and were usurpers.   It was not sufficient to merely set forth facts which would invalidate the election in an appropriate contest for the office.   The effect of the statute, when construed in connection with other statutes conferring jurisdiction in an election contest, does not include actions to contest the result of elections.   *Wheat* v. *Smith,* 50 Ark. 266.   The Constitution confers authority upon the Legislature to provide by law for the mode of contesting elections in cases not otherwise specifically provided for in the Constitution itself. Art. XIX, Sec. 24. In the exercise of that power the General Assembly enacted a statute providing for contests in the county court of the election of "any clerk of the circuit court, sheriff, coroner, county surveyor, county treasurer, county assessor, justice of the peace, constable, or any other county or township officer, the contest of which is not otherwise provided for." Kirby's Digest, sec. 2860.

(3)   There is no other specific provision for the contest of the office of school director, and we think that that office is included within the designation of county offices within the meaning of the statute.   This is confirmed by

the fact that certain provisions of the school law require the returns of school elections in cities and towns to be made to the county clerk, who is required to deliver a certificate of election to the persons elected. Kirby's Digest, sec. 7677.

Treating the allegations of the complaint in their strongest light, they merely set forth grounds for contesting the election and do not show a usurpation of office within the meaning of the statute under which appellants attempted to maintain the suit, and since the contest was not instituted in the court having jurisdiction of the subject matter, the demurrer to the complaint was properly sustained.

The judgment is, therefore, affirmed.