HAILEY *v.* BARKER.

4-4561

Opinion delivered November 2, 1936.

*J. E. Simpson* and *H. G. Leathers,* for appellant.
*Shouse & Walker,* for appellee.

HUMPHREYS, J. This suit was brought by appellant in the eastern district of the Carroll county circuit court

against appellee contesting the certificate of the nomination of appellee as the democratic nominee for the office of county and probate clerk of said county as made by the county central committee on the 14th day of August, 1936.

It was alleged, in substance, in the complaint that the county central committee certified that 888 votes were cast for appellee, which reflected a plurality of 114 votes over appellant.

It was also alleged in the complaint that appellant received more legal and valid votes in the democratic primary election as nominee for county and probate clerk than were cast for appellee or any other candidate for said office and was duly and lawfully elected the democratic nominee for said office and was entitled to the certificate of nomination and that the certificate was wrongfully issued to appellee; that the result grew out of the misconduct of the judges and clerks in wards 1, 2 and 3 in the city of Eureka Springs, Arkansas, and of the voting precincts of Johnson Springs, Packard Springs, and Cross and Busch of the western district of Carroll county, and of West Prairie Township in the eastern district of Carroll county, in allowing and soliciting persons to vote who were not qualified to do so on account of being nonresidents, and others who had no valid poll tax receipts, and by fraudulently accrediting many legal votes cast for appellant to appellee; that in West Prairie township, members of the government CCC camp, who were nonresidents, were allowed to vote, and the votes were counted and certified for appellee; that a number of absentee votes illegally cast were counted and certified for appellee; that a number of votes were cast in the wards in Eureka Springs and other voting precincts mentioned who were affiliated with the republican party and not entitled to vote in the democratic primary election, which were counted for appellee; that in Liberty township a recount of the ballots will disclose that 22 votes were accredited to appellee through mistake in the count, whereas he only received two votes; that, if all the illegal votes are eliminated in said wards and precincts

and the legal votes appellant received are accredited to him, he received 150 more votes than appellee and a plurality of all the votes cast for probate and county clerk in the county, and that he is entitled to the certificate of nomination.

A demurrer was filed to the complaint, and, omitting formal parts, is as follows:

"That no specific allegations of fraud are set out and that no specific list of persons voting illegally as charged in the complaint are listed, and that no allegation as to the number of votes the third candidate, Cecil Branham, received was made."

Appellant offered to amend the complaint by setting out that the third candidate for said office, Cecil Branham, received 615 votes.

The judge of the judicial district appeared at Berryville, the county seat, at the regular place for holding court, on September 14, 1936, and proceeded to try the case, the parties being present and entering no objection to the proceeding. September 14, 1936, was not an adjourned day of the regular term of court. The court had, on a day prior thereto, adjourned the regular term of court over to November 16, 1936.

After the pleadings were read and the parties, through counsel, were heard, the court sustained the demurrer to the complaint and refused to allow appellant to amend his complaint by stating the number of votes Cecil Branham received. The court then dismissed the complaint and an appeal was prayed and granted to this court.

Appellee contends that this court has no jurisdiction because the judgment rendered by Judge Combs was only a vacation order, from which an appeal will not lie. Our attention is called to § 3773 of Crawford & Moses' Digest in support of this position. The section is as follows:

"If the complaint is sufficiently definite to make a *prima facie* case, the judge shall, unless the circuit court in which it is filed is in session or is to convene within thirty days, call a special term, which shall possess the

powers of a court convened in regular term, and shall proceed at once to hear the case. If the case comes in regular term, it shall be given precedence and be speedily determined.''

It is argued that since the circuit court would not convene within thirty days from September 14, 1936, and that there was no formal call for the special term of court for September 16, 1936, the action of the judge was in chambers, and consequently his judgment was only a vacation order, from which no appeal to this court lies.

This statute relates to election contests and was passed in order that such contests might be speedily determined. The statute does not provide the manner for calling a special session of court. We think where the judge of the judicial district presides over an election contest with the parties in interest present and not objecting, the proceedings must be regarded as regular and had and done at a special term of court if not had and done at a regular term. The certificate of the clerk to the transcript indicates that the proceedings throughout the case were had and done during a term of the circuit court held in the eastern district of Carroll county. There is nothing in the record to the contrary, so we must presume that the case was tried at a special term of court called for that purpose. Appellee argues that since the court found that the complaint was insufficient to state a cause of action that he could not have called a special term of court to try the case. It is true the court sustained the demurrer to the complaint, but this was after the pleadings were submitted to him and after argument of counsel, so it is apparent that the court had been convened before sustaining the demurrer and dismissing the complaint. It must be presumed that the judge read the complaint and concluded it stated a *prima facie* case and then convened the special term, because the statute so provides.

The only other question arising on the appeal is whether the court erred in sustaining the demurrer and dismissing the complaint. Appellee contends that all the allegations of fraud and irregularities contained in

the complaint are mere conclusions. We think the allegations in the complaint that the judges and clerks in certain wards and voting precincts allowed persons affiliated with the republican party to vote, contrary to the rules of the democratic party, and that they encouraged and allowed persons holding illegal poll tax receipts to vote, and that they counted all such votes for appellee, amounted to a cause of action defectively stated in not being sufficiently specific. The same may be said of the allegation that failed to state the number of votes received by Cecil Branham. The same may also be said of the allegation that many legal votes cast for appellant were counted for appellee. The same may also be said relative to the allegation that a large number of illegal votes were counted for appellee and that illegal absentee votes were counted for him. These allegations, being causes of action defectively stated, the court should have treated the demurrer as a motion to require appellant to file a list by name of all illegal votes.

It must be remembered that actions contesting elections should be liberally construed so that the purpose of the contest may not be thwarted. The purpose of the contest, of course, is to ascertain by judicial inquiry which candidate for any particular office received the greatest number of legal votes. *LaFargue* v. *Waggoner*, 189 Ark. 757, 75 S. W. (2d) 235; *Govan* v. *Jackson*, 32 Ark. 553.

It must also be kept in mind that a contest of an election is not generally held to be a civil action subject to the strict rules of pleading required in cases at law. It has correctly been said that the rule of pleading in this character of an action must not be so strict as to afford protection for fraud by which the will of the people is set at naught nor so loose as to permit the acts of sworn officers chosen by the people to be inquired into without an adequate and well-defined cause. *Robinson* v. *Knowlton*, 183 Ark. 1127, 40 S. W. (2d) 450.

Following these general rules, we construe the allegations of fraud in the complaint of appellant as causes of action defectively stated, which may be perfected by amendment naming the illegal voters who participated

in the election. There is also an allegation in the complaint that if the illegal votes are eliminated and a correct count is made that appellant received a plurality of all the votes cast for the office of probate and county clerk in the primary election. The rule is that amendments in this class of cases may be made more than ten days after the election to perfect causes of action defectively stated within ten days after the election.

On account of the error indicated, the judgment is reversed, and the cause is remanded with directions to treat the demurrer as a motion to make the allegations of the complaint more definite and certain in the manner pointed out in this opinion and, when so amended, to try the case on its merits.