THOMAS *v.* HAWKINS.

4-9403
233 S. W. 2d 247

Opinion delivered October 23, 1950.

*Charles L. Farish* and *John M. Lofton, Jr.,* for appellant.

*Clark & Clark* and *John G. Moore,* for appellee.

GRIFFIN SMITH, Chief Justice. D. E. Thomas, Sheriff, now serving the remainder of an elective term, was a candidate in the July 25th democratic primary for the nomination, to succeed himself. Opposing were Marlin Hawkins and William E. Bearden. The certified returns showed that 2,382 votes were cost for Hawkins, 2,164 for Thomas, and seven for Bearden. Within apt time (Ark. Stat's, § 3-245) Thomas contested, attaching to his complaint a detailed list of votes alleged to have been irregular or invalid, amounting to more than 700. The votes listed as invalid would, if taken from Hawkins' total, change the results and make Thomas the nominee.

The Court held that the affidavit attesting verification was legally insufficient, and for that reason alone dismissed the action.

Facts found by the Court were inconclusive because in summarizing effect of testimony there was the judicial statement that it was not necessary to determine which side prevailed as to weight of evidence and the credibility of witnesses. According to the Court's findings, Thomas and his witnesses testified in effect that the plaintiff came into the Circuit Clerk's office where the affidavit was signed in the Clerk's presence, then immediately returned to his own office just across the hallway. Some of the witnesses called by the plaintiff testified that Charles L. Farish, counsel for Thomas, asked his client, in the Clerk's presence, if allegations of the complaint were true, "or words to that effect," and that Thomas replied that they were. There was no testimony that words passed directly between Thomas and the Clerk.

On behalf of Hawkins the Clerk testified that when the complaint was filed Thomas was not personally present, but [said he] "I filled out the jurat because [I] was certain that the affidavit bore the actual signature of the plaintiff, [so] I assumed to verify and acknowledge the signature." In a measure this testimony was supported by Mrs. Dorothy Brents, an employee of the Clerk's office.

The Court found that the applicable law "is clear and unambiguous, without reference to the verity or truthfulness of any particular witness," basing these conclusions upon Ark. Stat's, §§ 28-105, 28-206, 27-125, 40-101 and 102; statements in American Jurisprudence, Vol. 1, §§ 2, 13, and 14; *Kirk* v. *Hartlieb,* 193 Ark. 37, 97 S. W. 2d 434; *Thompson* v. *Self,* 197 Ark. 70, 122 S. W. 2d 182; *Murphy* v. *Trimble, Judge,* 200 Ark. 1173, 143 S. W. 2d 534; *Cox* v. *State,* 164 Ark. 126, 261 S. W. 303, and 1 R. C. L. 765.

Act 386, approved March 28, 1947, amends §§ 3 and 12 of Initiated Act No. 1 of 1917, and repeals § 6 of Act 123 of 1935.

Under § 3772 of Crawford & Moses' Digest, § 4738 of Pope's Digest, it was necessary that the contestant support his complaint by the affidavits of at least ten

reputable citizens. Section 3-245, Ark. Statutes, embraces the provisions of Act 386 of 1947, and requires verification by the affadivit of the contestant [only] "to the effect that he believes the statements [in the complaint] are true."

The verification filed by appellant reads: "State of Arkansas, County of Conway. I, D. E. Thomas, state on oath that I am the plaintiff in the above-styled cause, and that I believe the statements set forth in this complaint are true and correct. D. E. THOMAS. Subscribed and sworn to before me this 12th day of August, 1950. R. W. MORGAN, JR., Circuit Clerk."

A majority of the Court thinks that as a prerequisite . to the issues raised—that is, before legal effect of the testimony regarding the manner of signing and acknowledging the verification can be adjudicated—the factual status should be decided by the trial Court: whether Thomas, after signing the affidavit, failed—in the presence of the Clerk—to assert his belief in the truthfulness of what the paper contained. Should this fact be decided against Thomas the contest should be dismissed.

The Chief Justice and Mr. Justice LEFLAR entertain the view that under the testimony most favorable to Hawkins there was sufficient formality to satisfy the legislative intent.

Reversed and remanded.