## Johnny REED et al v. Ralph BAKER et al

73-24                                    495 S.W. 2d 849

### Opinion delivered June 4, 1973
[Rehearing denied July 9, 1973.]

*Wommack & Lineberger,* by: *Ervin L. Davis,* for appellants.

*W. Q. Hall* and *Murphy, Carlisle & Taylor,* for appellees.

JOHN A. FOGLEMAN, Justice. Appellants are Johnny Reed, Larry Easterling and Tom Jackson, unsuccessful Republican candidates for the offices of Sheriff, Treasurer and Clerk of Madison County, respectively, at the 1972 General Election. Their contest of the election was dismissed by the circuit court on a pretrial motion of appellees Ralph Baker, Jerry Bollinger and Herbert Haython, the successful Democratic candidates. The motion alleged that the contestants failed to properly swear to the allegations of the complaint. The motion was granted on the basis of the pleadings and depositions filed in the case. Before granting the motion, the circuit judge overruled a general demurrer to the complaint. Appellants contend that the circuit court erred in dismissing the contest. We agree.

In pronouncing judgment, the judge stated that while the complaint contained all the allegations necessary to state a cause of action, the law requiring verification of the complaint carries an implication that a contestant must have a reasonable basis for his belief in the truth of his allegations founded upon his own investigation of the facts. We do not believe that our statutes make this requirement.

I. was revealed through discovery depositions of the contestants taken pursuant to court order that the contestants had relied entirely upon reports of investigators acting in their behalf, along with other hearsay, for the

essential allegations of their complaint. None had personal knowledge of any of the facts, and actually became aware of some errors in these allegations before the hearing. The depositions did disclose that the contestants verified the complaint before the notary public who signed the jurat. The verification read as follows:

> We, the undersigned plaintiffs, state on oath that we have read the above and foregoing Election Contest Complaint and the facts and allegations contained therein are true and correct to the best of our knowledge, information, and belief.

Appellees do not seriously contend that the complaint does not state a cause of action or that the form of the affidavit of verification or the observance of formalities required in connection with its execution was in anywise deficient. Their motion was directed to the disclosures in the discovery depositions revealing that neither of the appellants knew how any of the voters named in their complaint voted, that it is not shown to what extent appellants were informed of facts by their investigators, and that appellants were not really able to say that the results of the election would be changed by eliminating the votes they alleged were illegal. Thus, say appellees, the contest is reduced to a fishing expedition on which the court is called to recanvass the results of the election.

As previously indicated, we do not agree with the argument of appellees or the holding of the circuit court in this regard. The pertinent statutory requirement of the present Election Code is set out by Ark. Stat. Ann. § 3-1001 (Supp. 1971). Insofar as applicable here, it reads:

> A right of action is hereby conferred on any candidate to contest * * * the certificate of vote as made by the appropriate officials in any election. The action shall be brought in the Circuit Court of the county in which the * * * certificate of vote is made when a county * * * office, * * * is involved, * * * . The complaint shall be verified by the affidavit of the con-

testant to the effect that he believes the statements thereof to be true, and shall be filed within twenty (20) days of the certification complained of. The complaint shall be answered within twenty (20) days.

It should be noted that appellant Reed testified that he employed an attorney and investigators whom he was willing to trust, that the signers of certain affidavits attached to the complaint and relating facts alleged therein were made by the people whom he knew to be trustworthy and, in conclusion, that he believed, but did not know, the facts stated in the complaint to be true. Easterling testified that he was willing to believe the results of the investigation and that, after reading the complaint, he was fairly well convinced that the facts alleged therein were true and correct. Jackson stated that he had nothing to offer different from the testimony of Reed and Easterling in regard to the facts and that he did not swear that all the challenged electors voted for his opponent, but believed that he alleged that they did.

At the outset, we should say that the procedure for contesting an election for county office is purely statutory, and a strict observance of statutory requirements is essential to the exercise of jurisdiction by the court, as it is desirable that election results have a degree of stability and finality. Article 19, Section 24, Constitution of Arkansas; *Ferguson* v. *Wolchansky*, 133 Ark. 516, 202 S. W. 826; *Casey* v. *Burdine*, 214 Ark. 680, 217 S.W. 2d 613; *Curry* v. *Dawson*, 238 Ark. 310, 379 S.W. 2d 287; *Murphy* v. *Trimble*, 200 Ark. 1173, 143 S.W. 2d 534. See also, *Terry* v. *Harris*, 188 Ark. 60, 64 S.W. 2d 80. But the purpose of such statutes is to aid the democratic processes upon which our system of government is based by providing a ready remedy whereby compliance with election laws may be assured and to facilitate, not hinder by technical requirements, the quick initiation and disposition of such contests. *Gunter* v. *Fletcher*, 217 Ark. 800, 233 S.W. 2d 242; *LaFargue* v. *Waggoner*, 189 Ark. 757, 75 S.W. 2d 235. To that end, statutes providing for contests should be liberally construed. *Gunter* v. *Fletcher*, supra; *Hailey* v. *Barker*, 193

Ark. 101, 97 S.W. 2d 923; *Smith* v. *Smith*, 189 Ark. 997, 75 S.W. 2d 804; *Logan* v. *Russell*, 136 Ark. 217, 206 S.W. 131. See Also, *Ferguson* v. *Montgomery*, 148 Ark. 83, 229 S.W. 30.

Under our statute, the required affidavit is jurisdictional. See *Brown* v. *Anderson*, 210 Ark. 970, 198 S.W. 2d 188; *Walton* v. *Rucker*, 193 Ark. 40, 97 S.W. 2d 442; *Kirk* v. *Hartlieb*, 193 Ark. 37, 97 S.W. 2d 434. The requisites of an affidavit are that it be a voluntary written statement, sworn to or affirmed before some person legally authorized to administer an oath or affirmation. *Kirk* v. *Hartlieb*, supra. Jurisdiction of the case attached when the required affidavit was filed. *Walton* v. *Rucker*, supra.

Jurisdictional facts must appear upon the face of the proceedings. *Casey* v. *Burdine*, 214 Ark. 680, 217 S.W. 2d 613. Since the affidavit verifying the complaint is jurisdictional, however, the contestee has the right to question its sufficiency as to form and manner of execution, i.e., whether a duly qualified affiant was sworn before the notary public executing the jurat, and whether the person acting as such was actually a legally authorized notary public. *Murphy* v. *Trimble*, 200 Ark. 1173, 143 S.W. 2d 534; *Brown* v. *Anderson*, supra; *Terry* v. *Harris*, 188 Ark. 173, 64 S.W. 2d 324. And this is so, even if the affidavit appears to be sufficient upon its face. *Thompson* v. *Self*, 197 Ark. 70, 122 S.W. 2d 182.

Under the former statutes governing primary election contests, it was required that a complaint be supported by the affidavits of at least 10 reputable citizens. We held that these affidavits made upon belief of the affiants merely, without setting forth the facts upon which their belief was based, were sufficient to confer jurisdiction and that there was no error in denying a motion to dismiss for insufficiency of these affidavits. *Ferguson* v. *Montgomery*, 148 Ark. 83, 229 S.W. 30. There is really no basic difference in the purposes of the former primary election contest statute and the present statute which seems to govern both primary and general election contests, particularly in considering jurisdictional requirements, and many of the cases cited herein are

cases involving contests of primary elections. Furthermore, the fact that the primary election statute required the affidavits of 10 persons and the statute now under consideration requires that of the contestant only is immaterial insofar as the question of sufficiency of the affidavit is concerned.

In *Matthews* v. *Warfield,* 201 Ark. 296, 144 S.W. 2d 22, we held that the affidavit verifying a contestant's complaint upon knowledge, information and belief of affiants was sufficient when each affiant signed it in the presence of a notary public, after having read the complaint or having been told its substance and object, with an understanding of the purpose of the affidavit, and the knowledge that he was signing it for the purpose of swearing to it or as a method of affirmation. We held that the trial court erred in granting a motion to dismiss for want of jurisdiction based on allegations that the affidavit was deficient in that some of the affiants signed it without being under oath, without reading or having the complaint read to them and without swearing that the allegations were true. It is not required under the primary election statute that an affiant state the facts upon which his support of the complaint rests, if the affidavit was made upon the belief of the affiant. *Logan* v. *Russell,* 136 Ark. 217, 206 S.W. 131. After the primary election law was changed so that verification of a complaint by the contestant only was sufficient, we held that the contestant must personally assert his belief in the truthfulness of the allegations in the presence of the officer before whom his affidavit is subscribed. *Thomas* v. *Hawkins,* 217 Ark. 787, 233 S.W. 2d 247. We have not held, or even indicated, that the reasonableness or basis of the affiant's belief may be inquired into on a challenge of its sufficiency to confer jurisdiction on the court. To do so, would be to extend our previous holdings to make the jurisdictional requirements more strict, rather than less so; and would be in contravention of the purposes of our contest statutes we have so often recognized. In considering whether we should do so, we may consider the history of legislation on the subject to assist us in determining the legislative purpose. *LaFargue* v. *Waggoner,* 189 Ark. 757, 75 S.W. 2d

235. When we do so, it seems that the legislative purpose has been directed toward less, rather than more, strict requirements for contesting elections. Former law required a contestant to give and obtain approval of a bond to secure the payment to the contestee and officers of the court of any sums adjudged against him. Ark. Stat. Ann. §§ 3-1210, 1211 (Repl. 1956). No such requirement exists under present law. The time allowed for filing contest for some officers was materially reduced. Cf. Ark. Stat. Ann. § 3-1202 (Repl. 1956), § 3-1001. This seems to call for increased liberality.

We do not feel the inquiry into the basis or grounds of the contestants' belief in the truth of their allegations was in keeping with the purposes of the pertinent statutes or appropriate to the question of jurisdiction. We find that there was error in the order of dismissal. We certainly do not find this holding to be in anywise conflicting with that in *Jones* v. *Etheridge,* 242 Ark. 907, 416 S.W. 2d 306, upon which appellees' principal reliance is placed, or to permit the launching of fishing expeditions there condemned. The fault in the contestant's petition in *Jones* was that it contained only statements of conclusions and generalitites to the effect that illegal votes were cast without any allegations that any specified vote was illegally cast. We did not mean to there imply that a contestant must base his allegations upon his own direct, personal knowledge. Similar defects voided the complaint in *Wilson* v. *Ellis,* 230 Ark. 775, 324 S.W. 2d 513, also relied upon by appellees. Other cases cited by appellees may be similarly distinguished.

We might well forego the discussion of the other points for reversal asserted by appellants, were it not for the fact that this is an election contest and the possibility that the question might again arise in this case after remand. This point has to do with the application of the statutes permitting the taking of depositions for discovery purposes. The argument is primarily based upon the contention that our discovery act, Ark. Stat. Ann. §§ 28-347, et seq. (Repl. 1962), does not apply because, as we have held, an election contest is not a civil action but

a special proceeding and not subject to all rules governing civil actions. See *Hailey* v. *Barker,* 193 Ark. 101, 97 S.W. 2d 923; *Bland* v. *Benton,* 171 Ark. 805, 286 S.W. 976; *Davis* v. *Moore,* 70 Ark. 240, 67 S.W. 311. Still, we have considered a contest to be a cause of action. *Brown* v. *Anderson,* 210 Ark. 970, 198 S.W. 2d 188.

The act governing depositions specifically states that it is applicable to *proceedings* in the Circuit, Chancery and Probate Courts of this State. We have held that it did not apply in criminal cases, pointing out that the terminology of the deposition act was not consistent with that normally used in criminal cases and the legislature's failure to indicate that it should apply to criminal cases. We cannot make the same distinction here and point out that the act's application is not restricted to "civil actions" but is extended to "proceedings," a term comprehensive enough to encompass special proceedings such as election contests. Under the Civil Code, a civil action is an ordinary proceeding in a court of justice by one party against another for the enforcement or protection of a private right or redress or prevention of a private wrong. Every other remedy is a special proceeding. Ark. Stat. Ann. §§ 27-106, 107 (Repl. 1962). We also point out that there is nothing in our present Election Code to indicate that the general statutes relating to depositions should not apply. The code, Ark. Stat. Ann. §§ 3-1001, et seq., does not specify procedures after the institution of the contest. Previous procedural acts, such as Ark. Stat. Ann. § 3-1206 (Repl. 1956), governing the taking of depositions were repealed. We find no indication of a legislative intent that Ark. Stat. Ann. §§ 28-347, et seq., have no application in election contests. There is an implication in *Davis* v. *Moore,* supra, that procedures prescribed by election contest statutes govern only when there is a pertinent statute. In the absence of a specific provision in the contest statute, it would be impossible to proceed without resort to rules governing civil procedure.

We do not share appellants' fear that permitting the taking of discovery depositions will frustrate the overriding purpose of expeditious disposition of contest

cases so clearly indicated by requiring the convening of special terms to hear the case and the adjournment of conflicting courts and permitting the calling in of judges on exchange or naming of special judges. Ark. Stat. Ann. §§ 3-1002, 1003. See also, *Bland* v. *Benton,* 171 Ark. 805, 286 S.W. 976. We are confident that circuit judges, in the exercise of judicial discretion, will not permit the taking of such depositions as a dilatory tactic. Judicial application of procedural rules in election contests must not be so strict as to afford protection to fraud which would set the will of the people at naught, nor so loose as to permit the acts of sworn officers chosen by the people to be inquired into without adequate and well defined cause. *Lafargue* v. *Waggoner,* 189 Ark. 757, 75 S.W. 2d 235. The deposition act itself specifies that the court in which an action is pending may prohibit the taking of a deposition, limit the place, time and manner of its taking, the extent of the examination or "make any other order which justice requires to protect the party or witness from annoyance, embarrassment or oppression." Ark. Stat. Ann. § 28-352 (Repl. 1962). This provision certainly vests the trial court with discretion to control the taking of discovery depositions, and attempts to use the procedure for delay would certainly be oppressive to a contestant, to say the least.

The judgment is reversed and the cause remanded for further proceedings.