## REYNOLDS *v.* ROTH.

Opinion delivered November 23, 1895.

ACTION ON NOTE—PLEADING.—A complaint in an action by the indorsee of a note against the maker need not set out a description of the payee where the note was indorsed before maturity.

NEGOTIABLE NOTE—DEFENSES—PARTIES.—The fact that the payee of a note was a fraudulent association is no defense to a suit by an innocent holder of the note, and in such action it is proper to refuse to make the organizers of the association parties.

NEGOTIABLE NOTE—JURISDICTION.—Refusal to transfer to equity an action on a note is not error.

NEGOTIABLE NOTE—CORPORATION AS PAYEE.—In an action by an innocent holder of a note payable to a corporation, the maker is estopped to deny the payee's corporate existence.

NEGOTIABLE NOTE—DEFENSE.—Failure of consideration for a note is no defense in an action by a transferee for value without notice before maturity.

NEGOTIABLE NOTE—TRANSFER.—That a negotiable note was not transferred to plaintiff by one authorized to transfer the same is a good defense.

PLEADING—CONSTRUCTION.—A general demurrer to an answer containing a good defense, but without proper definiteness and detail, should be treated as a motion to make more definite and certain.

Appeal from Pulaski Circuit Court.

ROBERT J. LEA, Judge.

### STATEMENT BY THE COURT.

The appellee sued the appellant upon a negotiable promissory note for $300, payable to the order of the Southern Hedge Company, and signed by appellant, upon which is the following endorsement: "For a valuable consideration, we hereby assign the within note to ————— without recourse in law or equity. The Southern Hedge Company, per C. C. Caldwell." The court sustained a demurrer to the complaint, which was amended. The defendant filed his motion to make the complaint more definite and certain by inserting "a full and proper description of the payee of the note," which was overruled by the court, to which the appellant excepted. Appellant then answered that the payee of said note, the Southern Hedge Company, was a fraudulent association; that appellant received no consideration for said note; and asked that the organizers of said association be made parties defendant, and that the cause be transferred to the Pulaski chancery court. Upon motion of the appellee, the court struck out that part of the answer relating to the formation of the Southern Hedge Company, and making other persons parties, and denied the motion to transfer, to which appellant excepted. Appellant then filed an amended answer, stating: "(1) That there was no such corporation as the Southern Hedge Company; (2) that he received no consideration for the note sued on; (3) that the note was not transferred to appellee by anyone authorized to transfer the same." A general demurrer to this answer was sustained by the court, whereupon the appellant asked for time to file a further amended answer, which was refused by the court, the cause having been reached for trial upon the calendar. The note was read in evidence, and judg-

ment rendered for plaintiff, to all of which appellant excepted, and appealed to this court.

*Mark Valentine* for appellant.

1. The motion to make the complaint more definite and certain should have been sustained. Sand. & H. Dig. sec. 492.

2. The note was assigned in blank, and without date, and the conclusion is that it was *not* assigned before maturity. Sand. & H. Dig. sec. 500.

3. The motion to transfer to equity should have been granted, on the ground of fraud in the forming of this pretended association.

4. The demurrer should have been overruled as to the defense that the note was not assigned by anyone having authority.

*Morris M. Cohn* for appellee.

1. The defense of no consideration could not be pleaded against a *bona fide* holder before maturity for value, nor could a failure of consideration affect the holder's right. Tied. Com. Pap. ch. xiv; .49 Ark. 465; 48 *id*. 454; 42 *id*. 22, 24; Benj. Chalmer's Bills & Notes, arts. 92 to 97.

2. Corporations may issue negotiable paper. Tied. Com. Pap. sec. 115. And they are bound to *bona fide* holders, even if the paper is *ultra vires*. *Ib*. sec. 118. The appellant, having executed the paper, is estopped to question the corporation's power to receive it. *Ib*. sec. 118; Benj. Ch. Bills & Notes, art. 287; Bigelow, Est. (2 ed.) 424. To admit evidence to contradict the existence of the payee would be to vary the contract. 50 Ark. 393; 55 *id*. 347.

3. Appellant had no right to introduce new parties and new issues by answer and cross bill in chancery. Dan. Ch. Pl. & Pr. vol. 2 (4 ed.), 1548, note; 17 How. 130, 145; 31 Ark. 345, 359–60.

4. The act of April 9, 1891, was not retroactive. Cooley, Const. Lim. (3 ed.) *370 ; 6 Ark. 484 ; 7 Conn. 550 ; 51 Ark. 56, 60.

5. The Act of 1873 (Acts 1873, p. 215) takes negotiable paper out of the provisions of Sand. & H. Dig. sec. 500 ; 42 Ark. 22, 24 ; Byles on Bills, *172.

6. The amended answer set up no defense not relied upon in the original answer.

HUGHES, J., (after stating the facts). The motion to make the complaint more definite and certain by inserting a full and proper description of the payee of the note sued on was properly overruled by the court. The note was made payable to the Southern Hedge Company, and the complaint alleged that it was endorsed before maturity, and this was not denied in the answer. The holder was not bound to set out a description of the payee.

The fact that the Southern Hedge Company was a fraudulent association was no defence to the suit by an innocent holder upon this note; and the appellant was not entitled to have the organizers of said association made parties; and there was no error prejudicial to appellant in striking out these allegations and requests from the answer. *Thompson* v. *Love*, 61 Ark. 81.

There does not appear any reason for transferring the cause to equity, and there was no error in the court's refusal to do so.

Having executed his note payable to the Southern Hedge Company, the appellant could not deny its existence in a suit upon the note by an assignee thereof for value and without notice before maturity. Tiedeman on Commercial Paper, sec. 118.

The plea of "no consideration" in the amended answer could not be urged to the note in the hands of an assignee for value and without notice before maturity.

*Margin notes:*
Sufficiency of complaint in action on note.
Parties to suit on note.
Jurisdiction of action on note.
Maker estopped to deny payee's existence.
Plea of "no consideration."

*Cagle* v. *Lane*, 49 Ark. 465; *Tabor* v. *Bank*, 48 Ark. 454; Tiedeman on Commercial Paper, sec. 288.

The allegation in the amended answer that the note was not transferred to appellee by any one authorized to transfer the same was a good defence, though not stated with proper definiteness and detail. It should have set out the facts, rather than a conclusion. But the demurrer should have been treated as a motion to make more definite and certain, and the appellant should have been allowed to amend.

For the error in sustaining a demurrer to the third ground of the amended answer, and refusing appellant leave to amend his answer, the judgment is reversed, and the cause is remanded, with instructions to overrule the demurrer as to the third defense in the amended answer, and that the appellant be granted leave to make same more definite and certain.