HILL v. WILLIAMS.

Opinion delivered September 29, 1924.

ELECTIONS—CONTEST OF PRIMARY ELECTION—SUFFICIENCY OF COMPLAINT.—Where a complaint in a contest of a primary election for the nomination of sheriff alleged irregularities and fraud in general terms, and challenged the legality of certain votes, but failed to set out the number of votes received by each of the four candidates, a demurrer to the complaint was properly sustained, as it failed to show that plaintiff received a plurality of the legal votes cast at such election.

Appeal from Conway Circuit Court; *J. T. Bullock,* Judge; affirmed.

*Edward Gordon,* for appellant.

The court erred in sustaining the demurrer to the complaint.  To determine whether there is a cause of action stated, the face of the complaint must alone be

looked to. 123 Ark. 505. A complaint must be tested on demurrer by its own allegations. 87 Ark. 418. In determining whether or not a demurrer to a complaint should be sustained, every allegation made therein, together with every inference deducible therefrom, must be considered. 122 Ark. 502. Where a demurrer to a declaration is filed in which no special cause of demurrer is assigned, this court will consider it only as a general demurrer. 2 Ark. 128; 160 Ark. 273.

*J. W. Johnston, Calvin Sellers* and *W. P. Strait,* for appellee.

The court did not err in sustaining the demurrer. Section 1096, 1097, C. & M. Digest; 33 Ark. 497. A necessary party to an action is one without whose presence a substantial judgment cannot be made. 58 N. Y. Supp. 748; Hun. 606; 17 Pac. 751; 9 Am. St. Rep. 245; 47 Pac. 1; 75 Mass. 313; 75 N. E. 313; 988 Pac. 16. All parties having an interest adverse to the contestant should be brought in as contestees. 20 Corpus Juris 223; 77 So. 996; 42 N. W. 401; 111 N. E. 980; 90 N. E. 203.

HUMPHREYS, J. This suit was filed in the circuit court of Conway County by appellant against appellee, under authority of § 3772 of Crawford & Moses' Digest, for the purpose of contesting the election of appellee as sheriff and collector of said county and the certificate of nomination issued to him by the Democratic Central Committee in the primary election of August 12, 1924. The complaint is quite lengthy, and it could serve no useful purpose to set it out in full. Suffice it to say that it contained many allegations of irregularities and fraud in general terms, partaking of the nature of conclusions. It specifically challenged the legality of certain votes, and charged that, if all illegal votes were thrown out, appellant was, and should be declared, the nominee of the Democratic party for sheriff and collector of said county. It alleged that there were four candidates for the office of sheriff and collector, including appellant and appellee, but failed to set out the number of votes received by each.

A demurrer was interposed to the complaint, which, upon hearing, was sustained by the court, and, upon failure to plead further, the complaint was dismissed, from which judgment of dismissal an appeal has been duly prosecuted to this court.

Appellant contends that the trial court erred in ruling that no recoverable cause of action was alleged in the complaint and in sustaining the demurrer thereto. We cannot agree with appellant in this contention. It was incumbent upon appellant to allege facts, and not conclusions, which would disclose, if true, that he received a plurality of all the votes cast for sheriff and collector in said county. The allegation that certain votes were cast for and accredited to one of his three opponents would not of itself show that he received the highest number of votes in the election for said office. There should have been an allegation in the complaint showing the number of votes received by each candidate, so that it would appear, after deducting the alleged fraudulent votes from the number accredited to appellee, that appellant would then have more votes than either one of his opponents.

The demurrer to the complaint was properly sustained, as the general allegations therein of irregularities and fraud were mere conclusions, and the specific allegation failed to show that appellant received a plurality of all the legal votes cast for sheriff and collector at said election.

No error appearing, the judgment is affirmed.