STOREY *v.* LOONEY.

Opinion delivered October 1, 1924.

ELECTIONS—CONTEST OF PRIMARY ELECTION.—As the right to contest a
primary election does not exist independently of statute, Craw-
ford & Moses' Dig., § 3772, providing that "a right of action is
hereby conferred on any candidate to contest the certification of
nomination or the certification of vote as made by the county
central committee," confines the right of contest to a candidate
at the primary election who claims to be the rightful nominee,
and a contestant who fails to show that he is the nominee, instead
of the contestee, fails to show a cause of action.

Appeal from Stone Circuit Court; *Dene H. Cole-
man,* Judge; affirmed.

*Ben B. Williamson* and *Casey & Pate,* for appellant.

The failure of the county collector to file with the
county clerk on the first Monday in July a certified list
of all persons who paid poll tax up to and including that
day, rendered the entire vote illegal and void. C. & M.
Digest, § 3740. The name of the voter must either be on
the certified and published list or the evidence of his
qualifications must be filed with the election officers, to
entitle him to vote legally. 159 Ark. 199. It is a funda-
mental rule that no man shall profit by his own negli-
gence. 53 Ark. 161. The county collector had no power
to assess a poll tax. 160 Ark. 275.

*Samuel M. Casey* and *Ben F. Williamson,* for appel-
lee.

The agreed statement of facts was not properly
brought into record. 46 Ark. 17; 82 Ark. 242; 64 Ark.
483. Where the statute expressly declares a particular
act to be essential to the validity of the election or that
its omission will render the election void, the courts must
enforce the provisions of such statute, but, where the
statute simply declares that certain things shall be done
within a particular time or in a particular manner, and
does not declare their performance essential to the valid-
ity of the election, they will be regarded as mandatory
if they affect the actual merits of the case, but they will
be considered directory only, and not vital to the elec-

tion, unless they are such, in themselves, as to change or render doubtful the result. McCrary on Elections, 4th ed. §§ 221 *et seq.;* Ann. Cas. 1916A, p. 707; 265 Ill. 39; 106 N. E. 504. While the legal safeguards which are thrown around the ballot must be faithfully observed, the will of the people as expressed at the polls is not to be defeated by mere technicalities. 99 Ill. 553; 91 Ill. 525; McCrary on Elections, 4th. ed., § 243.

McCulloch, C. J. This case involves an election contest concerning the nomination of the Democratic party for the office of sheriff of Stone County. Appellant and appellee were the opposing candidates, and appellee was returned as being the successful candidate by a majority of 157 votes, and a certificate of nomination was awarded to him by the party committee, which constituted the canvassing board. Appellant instituted a contest in the circuit court. His complaint contains numerous charges of fraud and illegal voting, but all of those charges have been abandoned, and appellant rests his contest solely on the ground that appellee, who was the sheriff and tax collector of the county at the time of the election, failed to comply with the duty imposed on him by statute (Crawford & Moses' Digest, § 3740), of filing with the county clerk a list of the names of all persons who had paid a poll tax, so that the list could be published as required by the statute. Appellant alleged in his complaint that the sheriff wilfully and wrongfully failed to file the list, and that, as a result, there was no publication of the list of voters in the county, and also alleged that none of the persons who voted at the election were required by the election officers to present any evidence of their legal qualifications as electors.

The statute referred to above provides that the collector shall file a list, verified by affidavit, on the first Monday in July, that the county clerk shall record the list and deliver the record to the election commissioners on or before July 15, and that the election commissioners

shall cause the list to be printed and furnished to the judges of election, at any election to be held thereafter.

The case was tried on an agreed statement of facts, which recited that appellee did not, prior to July 14, 1924, file the list of persons who had paid a poll tax, but that his deputy filed an unverified list with the clerk on that day, and immediately withdrew the same and did not return it to the clerk's office until August 21, 1924, after the primary election; and that the clerk did not at any time deliver to the county election commissioners a certified copy of the list as required by law, nor did the commissioners publish such a list. The court decided in favor of appellee, and rendered judgment accordingly.

The statute (Crawford & Moses' Digest, § 3777) provides that no person shall be allowed to vote at any primary election in this State who shall not exhibit a poll-tax receipt, or other evidence that he has paid his poll tax within the time prescribed by law, and that such other evidence shall consist of a copy of the receipt, certified by the clerk of the county, or that such person's name shall appear upon the list of persons certified by the collector and printed by the election commissioners. The statute further provides as follows: "In any contest arising upon any election held under this act, it shall be a ground of rejection of any ballot cast by an elector whose name (a) does not appear upon the certified list of poll-tax payers; or (b) who has not filed with the judges of election his original or certified copy of poll-tax receipt, or written affidavit of the attainment of his majority; or (c) if such original or certified copy of such poll-tax receipt or written affidavit has not been returned by the judges of election; or (d) the name of such person listed separately and certified as required by this act."

We decided in the case of *McLain* v. *Fish,* 159 Ark. 199, that the provisions of the statute quoted above are mandatory, and that, in the contest of an election, where a list was published as required by statute, the qualification of voters not on the list must be proved in accordance with the statute or be excluded.

It is the contention of appellant that, since there was no published list of the persons who paid poll tax furnished to the election officers, and as none of the persons who voted at the election furnished to the election officers other evidence of their qualifications as electors, the election was totally void, and that there was no legal nomination made.

The question necessarily presents itself in the beginning, whether or not appellant is in an attitude to contest the certificate of nomination awarded to appellee. Appellant's contention being that there was no valid nomination at all, he is not a claimant himself for the nomination, and all that can be done by the court is to cancel the certificate of nomination awarded to appellee. This is therefore not really a contest for a nomination as contemplated and authorized by the statute. In order to make a contest for the nomination, appellant must show that he is entitled to the nomination himself, which he fails to do. The statute (Crawford & Moses' Digest, § 3772) declares that a right of action is conferred on any candidate to contest the certificate of nomination or the certification of vote as made by the county central committee.'' This confines the right of contest to a candidate at the primary election, and to one who claims to be the rightful nominee. He must show that he is the nominee instead of the contestee, and he fails to show a cause of action unless he so states in his complaint. *Hill* v. *Williams, ante,* p. 421.

The right to contest a party primary election does not exist independent of statute, and the right is confined to the authority found in the statute. A court of equity will not afford relief in such a contest (*Walls* v. *Brundidge,* 109 Ark. 250), and, as before stated, the right to contest is limited by the statute which confers that right. *Ferguson* v. *Montgomery,* 148 Ark. 83.

If a certificate of nomination is wrongfully awarded to a person, and there is no person with the right of contest under the statute, then the only remedy to correct the error is the political remedy of correcting it at the

polls. Such is the case here, since appellant himself does not claim to be the nominee, and is therefore in no position to object to the certificate of nomination awarded to appellee. It is unnecessary therefore to consider anything else in the case.

Judgment affirmed.

HART and HUMPHREYS, JJ., concur on the ground that the failure to file the certified list of voters by the sheriff as recited in the agreed statement of facts did not invalidate the primary election, and appellee, having received the plurality of votes cast at said election, was properly declared the nominee.