CRISSMAN *v.* SHAVER.

4-4050

Opinion delivered November 18, 1935.

*J. C. Brookfield*, for appellant.
*Ogan, Shaver & Ogan*, for appellees.

BUTLER, J. The election commission of Cross County, in preparing the official ballot to be voted at the general election, November 6, 1934, failed to have printed thereon the name of the appellant as the independent candidate for the office of county and probate judge of Cross County. E. L. Cooper was the regular democratic nominee for said office. Appellant filed his complaint in the circuit court praying for a writ of mandamus to compel the election commissioners to place his name upon the ballot as an independent candidate for the office of county and probate judge. At the hearing the court found that appellant had complied with the law entitling him to have his name placed upon the ballot as an independent candidate and noted upon his docket, on the second day of November, 1934, the granting of the prayer of appellant's complaint. After this a formal order was prepared and signed by the circuit judge directing the election commissioners to place appellant's name on the ballot as an independent candidate for the office of county and probate judge. Just when the election commissioners became apprised of this order is not shown, but, at any rate, at some time between November 2 and November 6, the date of the election, at the order of the commission, appellant's name was placed on the ballot as an independent candidate by having same typewritten thereon.

We gather from the record that at the election held on November 6, 1934, E. L. Cooper received the majority of the votes cast for the office of county and probate judge and was declared to be elected to that office. In his abstract and brief appellant states the proceedings had thereafter, as follows: "The mandamus or certiorari case being still on the docket, the appellant filed an additional complaint in which he asked an order to enforce the former order, which order he asked to be declaring the election as to this office void for fraud and uncertainty and the calling of a new election."

Subsequent to the filing of the amendment the appellant filed two other amendments to the original amendment. To these pleadings the appellees, election commissioners, demurred and at a hearing, the court sus-

tained the demurrer. In the order, however, the court also found that the election commissioners had substantially complied with the previous order of the court. That part of the order sustaining the demurrer is as follows: "This proceeding is being brought as a continuation of the mandamus proceedings, and it not being alleged in the complaint that the petitioner received a majority of the legal votes cast in the election, it being stated here in open court by his attorney that he didn't know whether he did or not, in my opinion the demurrer is well taken and it will be sustained. The petitioner refuses to plead further."

On appeal it is insisted that the court found without proof that the commissioners had substantially complied with its former order. Appellant's amended complaint alleges that certain ballots are attached as exhibits showing the manner in which his name was typewritten upon the ballot. We do not have those ballots before us, but doubtless they gave the trial court information upon which its finding was based. Without expressing an opinion as to the correctness of the court's conclusion regarding the action of the election commissioners in having appellant's name typewritten upon the ballot, we think the demurrer to the complaint was properly sustained.

In the various pleadings filed after the election, complaint is made as to the manner in which appellant's name was placed upon the ballot, that no booths were furnished, that in certain townships appellant received more votes than were counted for him, that certain other illegal votes were cast; that certain of the election judges were partisans of Cooper, and that a number of electors failed to vote for appellant because of the manner in which his name appeared upon the ballot. In none of these pleadings, however, is there an allegation as to the total number of qualified electors of the county or as to the number of these who voted for Cooper or for the appellant. There is no allegation that appellant received a majority of the votes cast or any facts alleged from which it might be deduced that he would have re-

ceived same had his name been printed upon the ballot when originally prepared.

The proceeding is unusual and appears to be an effort to convert a mandamus proceeding into an election contest. Contests of general elections must be by independent proceeding in which the contestant shall plainly and fully set forth the grounds upon which the contest is founded, and he is confined to the grounds mentioned in his complaint, but which may be amplified by amendment where to do so will not prejudice his opponent. Section 3848, Crawford & Moses' Digest. The contestant shall also enter into a bond with good security, to be approved by the clerk of the court in which the contest is brought, which will secure to the contestee in the action and to the officers of the court the payment of any money which might be adjudged against him in the court in which the suit is brought, or in any other court on appeal. Section 3855, Crawford & Moses' Digest. The proceeding in question was clearly not brought under the statute cited, and no authority exists for it to have been brought otherwise. Moreover, as there were no allegations from which it might be inferred that appellant could, or would, have been elected, no cause of action was stated. *Storey* v. *Looney*, 165 Ark. 458, 265 S. W. 51; *Moore* v. *Childers*, 186 Ark. 563, 54 S. W. (2d) 409; *Bohlinger* v. *Christian*, 189 Ark. 839, 75 S. W. (2d) 230. It is true the election in these cases were primary elections, but the principle is applicable to general elections as well.

We have examined the cases cited by the appellant— *Rhodes* v. *Driver*, 69 Ark. 501, 64 S. W. 272; *Jones* v. *Glidewell*, 53 Ark. 161, 13 S. W. 723, 7 L. R. A. 831; *Pattan* v. *Coates*, 41 Ark. 111; *Williams* v. *Buchanan*, 86 Ark. 259, 110 S. W. 1024; *Sailor* v. *Rankin*, 125 Ark. 557, 189 S. W. 357—and are of the opinion that they have no application to the instant proceeding because they involved contests of elections instituted in the method prescribed by statute and containing the necessary allegations.

It follows that the judgment of the trial court is correct, and it is therefore affirmed.