Wilson *v.* Anderson.

4-4653

Opinion delivered March 15, 1937.

*Murphy & Wood,* for appellant.

*James R. Campbell, Gibson Witt, Jr., Leo P. Mc-Laughlin* and *A. T. Davies,* for appellee.

McHANEY, J. Appellant, appellee and Monroe Young were rival candidates for the office of sheriff of Garland county in the democratic primary election held on August 11, 1936. On the face of the returns appellee was declared the nominee, he having received 4,878 votes, whereas appellant received only 1,644 votes, and a certificate of nomination was issued to appellee. Within ten days appellant instituted this proceeding to contest appellee's certificate of nomination. His complaint alleged that he was opposed by appellee and Monroe Young and that he and appellee each was credited with the number of votes above stated, but that the latter "received less than were credited to him and the plaintiff received more than were credited to him, and if the returns could be purged of the illegal votes, the plaintiff would be the nominee." Appellant's abstract. It is then alleged that a political machine is in control of the elections in said county and elects its machine candidates to all the county offices by fraudulent and illegal means, and proceeds to detail the methods and means adopted by the political machine in great detail, all of which, if true, portrays a very bad state of political affairs in Garland county. The complaint is quite lengthy and we deem it unnecessary, for the purposes of this appeal, to set out the further allegations thereof, except to state that the third candidate, Monroe Young, was not made a party to the action, and was not mentioned in the complaint, other than as above stated, and the number of votes received and credited to him was not set out. The only reference to Monroe Young in the complaint is that he was a candidate, and that he, appellant, received more legal votes than either of his opponents.

In apt time appellee filed a motion to dismiss on the following grounds:

1. That appellant was not a qualified elector.

2. That the complaint was not supported by the affidavits of ten qualified electors.

3. That Monroe Young, the third candidate, was not made a party to the action, and, although he received a

substantial number of votes, the complaint fails to state the number of votes he did receive, and hence no allegation which discloses whether appellant received a plurality of the votes.

The court heard testimony on the motion to dismiss and thereupon sustained the motion on the first and third grounds thereof, as above set out, and dismissed the complaint, although appellant had, on September 19, more than ten days after the certification, sought to amend his complaint by setting out the number of votes received by Monroe Young, and alleged that the failure to do so in the original complaint was due to a clerical error in copying same. Wherefore this appeal.

In *Hill* v. *Williams*, 165 Ark. 421, 264 S. W. 964, an election contest, the complaint alleged, among other allegations, that there were four candidates for the office of sheriff and collector, including appellant and appellee, but failed to set out the number of votes received by each. A demurrer was interposed and sustained on this and another ground, and in affirming a judgment dismissing the complaint, this court said: "It was incumbent upon appellant to allege facts, and not conclusions, which would disclose, if true, that he received a plurality of all the votes cast for sheriff and collector in said county. The allegation that certain illegal votes were cast for and accredited to one of his three opponents would not of itself show that he received the highest number of votes in the election for said office. There should have been an allegation in the complaint showing the number of votes received by each candidate, so that it would appear, after deducting the alleged fraudulent votes from the number accredited to appellee, that appellant would then have more votes than either one of his opponents."

In *Moore* v. *Childers*, 186 Ark. 563, 54 S. W. (2d) 409, another election contest, a similar motion to dismiss was made and a demurrer was also filed. The court sustained the demurrer and dismissed the contest. Thereafter, appellant moved to be permitted to amend by alleging the number of candidates for the office and the votes received by each, and also that none of the three, other than appellant and appellee, receiving the smaller number of

votes was contesting the election, or had asked to be made a party. The court overruled the motion and held in effect that the proposed amendment came too late. In affirming the judgment, the late Mr. Justice KIRBY, speaking for the court, said: "This court has held that, in contested election cases for nomination to any particular office, it is necessary to allege the number of candidates for the particular office and the vote received by each, in order to disclose whether the contestant received a plurality of all the legal votes cast, upon the proper deduction made for illegal votes." A quotation is then taken from *Hill* v. *Williams, supra,* and it was further said: "The complaint could not have been amended when the motion to remedy the defect was made on the 1st of September, since the amendment was not offered within 10 days after the certification of the nomination complained of, the provision of the statute requiring the contest to be filed within 10 days thereafter being mandatory and jurisdictional, and the failure to institute the contest properly within this time was fatal to the contestant. *Hill* v. *Williams, supra; Gower* v. *Johnson,* 173 Ark. 120, 292 S. W. 382; *Bland* v. *Benton,* 171 Ark. 805, 286 S. W. 976; and *Storey* v. *Looney,* 165 Ark. 455, 265 S. W. 51." See, also, *Robinson* v. *Knowlton,* 183 Ark. 1127, 40 S. W. (2d) 450.

The only case in anywise in conflict with the above is the recent case of *Hailey* v. *Barker, ante,* p. 101, 97 S. W. (2d) 923, and the conflict there is more apparent than real. While the complaint in that case was not set out at length, it was not the intention of the court to overrule, or in any way to impair, its previous decisions on the subject, as the opinion in the case of *Hill* v. *Williams* was written by the same justice who wrote the opinion in *Hailey* v. *Barker,* and neither of the above cases was mentioned in the latter. It is, therefore, conclusive that something more must have appeared in the complaint in the case of *Hailey* v. *Barker,* than did in the others relative to the subject-matter. We, therefore, reaffirm the holdings in *Hill* v. *Williams,* and *Moore* v. *Childers, supra.* We are then forced to the conclusion that the complaint was fatally defective and the court properly dismissed it for this reason alone. It becomes unnecessary to de-

termine whether appellant was a qualified elector, for whether he was or not, his complaint failed to state a cause of action for the reason above set out.

The judgment is, therefore, affirmed.

SMIITH, C. J., disqualified and not participating.