GUNTER *v.* FLETCHER.

4-9402                                                   233 S. W. 2d 242

Opinion delivered October 23, 1950.

*Wood & Smith,* for appellant.

*J. B. Reed* and *John D. Thweatt,* for appellee.

LEFLAR, J. This is an election contest case. Appellant Gunter filed a complaint alleging that he and appellee Fletcher were the two candidates for nomination for the office of Senator from the 22nd Senatorial District in the Democratic primary on August 8, 1950, that Fletcher was certified as the winner, but that specified irregularities in the voting and counting of votes had occurred, so that Gunter was actually the winner. The concluding paragraph in the complaint's allegations of fact is as follows:

"12. Plaintiff alleges that proper recomputation of the votes cast will show the following totals, making plaintiff the nominee:

"For Fletcher ............................................................ 3160
"For Gunter ............................................................ 3371"

The complaint does not set out the number of votes certified for each candidate in the official canvass of returns by the County Democratic Central Committee. Defendant Fletcher filed a general demurrer to the complaint, which demurrer was sustained by the Circuit Judge, and plaintiff's complaint dismissed. Plaintiff appeals.

Appellee Fletcher's position is that the demurrer was properly sustained because the complaint fails to state facts sufficient to constitute a cause of action, in that it does not set out what number of votes was certified for each candidate in the official returns, nor assert that Gunter is a qualified elector of the Senatorial District, 25 years of age, and a member of the Democratic party.

As to the failure of the complaint to recite the number of votes certified for each candidate in the official returns, appellee bases his argument on the cases of *Hill* v. *Williams*, 165 Ark. 421, 264 S. W. 964; *Moore* v. *Childers*, 186 Ark. 563, 54 S. W. 2d 409; and *Wilson* v. *Anderson*, 193 Ark. 799, 103 S. W. 2d 63. In each of these cases there was an attempted election contest, and in each of them a general demurrer, or a motion to dismiss, was held to have been properly sustained. In *Hill* v. *Williams*, the Court used, and thereafter the two later cases re-

peated, the following language upon which appellee relies:

"It was incumbent upon appellant to allege facts, and not conclusions, which would disclose, if true, that he received a plurality of all the votes cast for sheriff and collector in said county. . . . There should have been an allegation in the complaint showing the number of votes received by each candidate, so that it would appear, after deducting the alleged fraudulent votes from the number accredited to appellee, that appellant would then have more votes than either one of his opponents."

The effect of the argument is that these decisions require, in every election contest complaint, a formal recitation of the totals shown by the Central Committee's canvass, and that the omission of these figures always and inevitably will defeat the complaint regardless of what other allegations of fact be set out in it. To this we cannot agree.

The purpose of our statutes governing election contests is to aid the democratic processes upon which our system of government is based, by providing a ready remedy whereby compliance with the election laws can be assured. The purpose is to facilitate, not to hinder by technical requirements, the quick initiation of such contests.

"This court has several times held that the statute providing for contesting elections should be liberally construed. The purpose of the contest is to determine what candidate received the greatest number of votes; and if there are sufficient facts stated to give the other party reasonable information as to the grounds of the contest, then the case should be tried on its merits." *LaFargue* v. *Waggoner,* 189 Ark. 757, 768, 75 S. W. 2d 235, 240. "Since such contest is generally held not to be a civil action subject to the rules of pleading in actions at law, but to be a special statutory proceeding, . . . the same strict technical accuracy in pleading is not usually required as in civil actions *inter partes.* . . . it is not essential that the contestant set forth the grounds

of his contest with the precision required of a pleading in a civil action, certainty to a common intent being all that·is required, and technical objections will be disregarded." *Robinson* v. *Knowlton,* 183 Ark. 1127, 1133, 40 S. W. 2d 450, 452. And see *Winton* v. *Irby,* 189 Ark. 906, 75 S. W. 2d 656; *Hailey* v. *Barker,* 193 Ark. 101, 97 S. W. 2d 923.

Plaintiff in his complaint here alleges certain specific irregularities in the voting and counting of votes, then asserts that a proper recomputation of the votes will show Gunter with 3371 votes and Fletcher 3160, making Gunter the nominee. That is a clear and sufficient allegation of facts entitling Gunter to win the contest, if the evidence sustains his allegations. A recital of the official returns in addition would under these circumstances serve no genuinely useful purpose in the lawsuit, would add nothing to appellee's information as to the facts upon which Gunter relies as grounds for his contest. To require the recital would be to insist upon a technicality, otherwise useless, for its own sake.

Such a requirement would not be in keeping with the law of Arkansas as to pleadings generally, which since the adoption of our Civil Code has provided simply that "The complaint must contain . . . ·a statement in ordinary and concise language, without repetition, of the facts constituting the plaintiff's cause of action," Ark. Stats., § 27-1113, nor is there anything in the statute governing complaints in election contests, Ark. Stats., § 3-245, from which the requirement can be discovered. If the technicality is insisted upon, it will be because this Court imposes it in this special situation; it is one imposed nowhere else in our law governing pleadings, and one not even hinted at by the controlling statute.

Nor does it seem to us that the technicality is required in this case by the three earlier decisions upon which appellee relies. *Hill* v. *Williams, supra,* the first of them, involved a contest of an election in which there were four candidates, not two, and the conclusion was that the peculiar wording of the complaint there filed,

not quoted in the opinion, "failed to show that appellant received a plurality of all the legal votes cast for sheriff and collector at said election." The case did not hold that a recital of the official returns was the only phraseology whereby the requisite facts could be alleged, but rather held that the complaint had no allegation in it, in any form, setting out the facts necessary to constitute a case for the plaintiff. Essentially the same explanation applies to the language used in *Moore* v. *Childers, supra,* where there were five candidates and the complaint did not identify them nor indicate what vote the others had received, and in *Wilson* v. *Anderson, supra,* where there were three candidates and the vote for the third candidate was not alleged. In each of these cases it was apparently impossible for one reading the complaint to find any clear allegation in it that the contestant had received a plurality of the votes cast. No comparable difficulty appears from a reading of the complaint in the present case; its allegation is clear that, with only two candidates in the election, Gunter received 3371 valid votes and Fletcher 3160 valid votes.

Finally, if the plaintiff's allegations were in any respect so indefinite that, though a cause of action was stated, the defendant still would have difficulty in preparing his defense, the remedy would be by motion to make more definite and certain, Ark. Stats., § 27-1160, and it would be proper for the Court to treat the demurrer as a motion to make more definite and certain by requiring recitation of such additional facts as would enable the defendant adequately to prepare his defense. *Reynolds* v. *Roth,* 61 Ark. 317, 33 S. W. 105; *Forrest* v. *Forrest,* 208 Ark. 48, 184 S. W. 2d 902.

As to the alleged defect of the complaint in not setting forth Gunter's electoral status, age, and Democratic party membership, we hold that these are matters of affirmative defense. A candidate already admitted by the proper authorities to participation in the party primary, whose right to participate therein has not been attacked in advance of the primary, presumptively possesses the general qualifications essential to that par-

ticipation. One who wishes thereafter to attack the candidate on the ground that he lacks these qualifications must affirmatively plead the lack of them. The right of contest is by statute, § 3-245, specifically "conferred on any candidate," with the result that anyone who has been allowed to participate in a primary election as a candidate need not establish anew his qualifications to be a candidate unless they are affirmatively questioned.

The judgment of the Circuit Court is reversed and the cause is remanded.

MILLWEE, J., dissents.

GRIFFIN SMITH, C. J., not participating.