MASON *v.* PETERSON.

5-3494                                           386 S. W. 2d 486

Opinion delivered February 8, 1965.

*John F. Gibson* and *H. Murray Claycomb,* for appellant.

*Marion S. Gill* and *William H. Drew,* for appellee.

SAM ROBINSON, Associate Justice. The appellant, Carl F. Mason, and appellee, Merle F. Peterson, were candidates in the 1964 Democratic Primary for the office of State Senator for the 21st Senatorial District composed of Desha and Drew Counties. The Desha County Democratic Central Committee certified that Peterson received 3,223 votes and that Mason received 1,872. Mason filed this action in Desha County contesting the result of the election in that county. Peterson demurred to the complaint. The trial court sustained the demurrer; Mason refused to plead further; the complaint was dismissed, and Mason has appealed.

In his complaint Mason alleges that a total of 380 votes had been illegally cast in the election, but there is no allegation that any illegal vote was cast for Peterson. There is a general allegation that if the entire number of alleged illegal votes were discarded, Mason would receive the same number of votes as certified by the County Election Commisison, but Peterson would receive 220 votes less than the number certified. There is no allegation as to the status of the remaining 160 votes alleged to be invalid. Furthermore, there is no allegation that the result of the election would be changed by reducing Peterson's vote by 220 in Desha County. The complaint alleges that if all alleged invalid votes in Desha County were discarded Peterson would receive 3,003 and Mason would receive 1,872 valid votes in that county, but there is no allegation of how this result would in any manner benefit Mason.

In addition to the demurrer, appellee filed an answer and cross-complaint to be considered in the event the demurrer was overruled. If the answer and cross-complaint were considered, perhaps it would appear that a reduction of appellee's vote by 220 in Desha County would affect the result of the election, but the trial court did not reach a consideration of the answer because the demurrer was properly sustained. Appellant contends that appellee stipulated regarding the vote in Drew County, but the record clearly shows that there was no stipulation.

To support his contention that the complaint is good as against the demurrer, appellant relies to a large extent on *Gunter* v. *Fletcher*, 217 Ark. 800, 233 S. W. 2d 242, where the court held that the complaint is good if it gives the other party reasonable information regarding the grounds of the contest. But even so, the Gunter case does not hold that the complaint need not allege facts sufficient to show that the plaintiff would derive some benefit from a judgment granting the prayer of his complaint.

In the Gunter case the complaint alleged that with the illegal votes discarded the correct vote would have been for Gunter 3,371, for Fletcher 3,160. Here, appellant does not claim that he received a majority of the votes cast in Desha County, and there is no allegation regarding the vote cast in Drew County, and no allegation of the total vote cast in the District. In *McClendon* v. *McKeown*, 230 Ark. 521, 323 S. W. 2d 542, the court quoted as follows from *Hill* v. *Williams*, 165 Ark. 421, 264 S. W. 964: ''There should have been an allegation in the complaint showing the number of votes received by each candidate, so that it would appear, after deducting the alleged fraudulent votes from the number accredited to appellee (contestee here) that appellant (contestant here) would have more votes than . . . his opponent.'' To the same effect is *Wilson* v. *Ellis*, 230 Ark. 775, 324 S. W. 2d 513.

As heretofore pointed out, the allegation is that if the questioned votes are discarded, Peterson would still have almost twice as many votes in Desha County as Mason, and there is no allegation regarding the total vote in the District or the number of votes received by the parties in Drew County.

Affirmed.