Lehigh  *v*.  Wooley

5-3918                                    403 S. W. 2d 79

Opinion delivered May 30, 1966

*Thomas A. Glaze,* for appellant.

No brief filed for appellee.

Paul Ward, Justice. This litigation concerns primarily the sufficiency of the application required of a qualified elector to vote by absentee ballot. More specifically we are here concerned with the "reason" which the elector must assign for his contemplated absence from his voting precinct on election day.

On September 28, 1965 a school election was held in the El Dorado School District No. 15. At that election Grady R. Wooley, Frances Duren, Herbert S. Woods, and Charles Van Ness (appellees herein) voted by absentee ballots, but their votes were not counted by Charles H. Lehigh and Eva Mae Combs (appellants herein) who were the election judges on the absentee box.

On October 7, 1965 appellees filed a petition for mandamus in the Circuit Court of Union County to compel appellants to count their ballots and certify same to the County Election Commissioners. The Commissioners were also made defendants and the court was asked to compel them to include appellees' votes in the final results.

Before a trial was had on the issues raised the Commissioners agreed to accept appellees' votes and to include them in the final results. They then asked the court to dismiss appellees' petition. It appears the trial court recognized that the action of the Commissioners rendered all issues moot, but (a) it refused their request, and (b) it ordered appellants to count the ballots and certify them to the Commissioners.

We think the trial court was correct on both counts.

(a) Even though appellees had already achieved what they sought to accomplish—have their votes counted—yet the other issue raises a question which is of interest to the voting public and, for that reason, it should be resolved. The trial court was correct in so holding.

(b) Act 325 of 1949, § 6, being Ark. Stat. Ann. § 3-1128 (Repl. 1956) in substance and in all parts material here, provides: The county clerk shall deliver to the applicant a blank statement for him to fill out and sign. The statement is in essential form as follows:

"I, ........................, do swear . . . I will be unavoidably absent from my voting precinct because of ........................ (state reason). I am a qualified elector . . . . "

........................
signature

........................
Address"

It was stipulated that appellees wrote the words "out of town" in the last blank space as the "reason" for being absent. It is appellants' contention however that the assigned "reason" is insufficient and does not meet the requirements of the above mentioned statute. This objection was appellants' sole ground for refusing to count appellees' ballots. The burden of appellants' argument appears to be that it was incumbent upon appellees to explain why it was necessary for them to be "out of town". The trial court held that the "reason" given by appellees was a substantial compliance with the statute, and we agree with that holding.

We do not believe the legislature meant for an absentee voter to explain in detail the "reason" for being absent on election day. If a real and convincing "reason" should be required, then it follows that someone would have to judge the sufficiency of that reason. Such a procedure could easily result in an elector being compelled to divulge personal secrets in order to exercise his constitutional right of suffrage.

Appellants lay much stress on the words "unavoidably absent" as meaning the elector must give a good reason why he will be "absent from town". We point out however that the elector is only required to give a good reason why he will be "absent" from the voting precinct. We then submit that if the elector is "out of town" on election day he will "be unavoidably absent" from his voting precinct.

Affirmed.