intended, was not correct.

Claudie Maples FORREST *v.* Walter "Sonny" BAKER, et al. and Eugene ALEXANDER *v.* Billy WOOD, et al.

85-140                                   698 S.W.2d 497

Supreme Court of Arkansas
Opinion delivered October 28, 1985

240

*Samuel Turner, Jr.*, for appellants.

*Jake Brick*, for appellees.

ROBERT H. DUDLEY, Justice. Appellants, Claudie Maples Forrest and Eugene Alexander, have consolidated their election contest cases for appeal. Each was a candidate for a separate position as alderman of the City of Earle in the 1984 general election. The trial court ruled that both candidates failed to state facts upon which relief could be granted. *See* ARCP Rule 12(b)(6). We affirm.

Appellant Forrest alleged that the county election commission certified that appellee Walter Baker received 590 votes for alderman of ward two, position two, and that appellant Forrest received 564, a difference of 26 votes. Consequently, in order for the complaint to state a cause of action upon which relief can be granted, it is necessary for appellant to plead facts sufficient to state that, at the least, 26 of appellee Baker's votes were illegally cast. *Hill* v. *Williams*, 165 Ark. 421, 264 S.W.2d 964 (1924); *Moore* v. *Childers*, 186 Ark. 563, 54 S.W.2d 409 (1932); and *Wilson* v. *Anderson*, 193 Ark. 799, 103 S.W.2d 63 (1937). Appellant does not plead facts sufficient to void 26 of appellee Baker's votes.

Appellant Forrest's complaint is based entirely upon alleged irregularities in the applications for absentee ballots. Ark. Stat. Ann. § 3-903 (Repl. 1976) provides that the following persons may cast an absentee ballot if they possess the qualifications of electors:

(a) Any person who will be unavoidably absent from his voting place on the day of election.

(b) Any person who, because of illness or physical disability will be unable to attend the polls on election day.

Ark. Stat. Ann. § 3-905 (Repl. 1976), which was in effect at

the time of the 1984 election, provided the form which was to be used in applying for absentee ballots. In the material part, it provided:

> 3-905. Absentee ballot application form. — Applications for absentee ballots shall be made only on the form furnished by the County Clerk and the County Clerk shall supply the following form on request beginning sixty (60) days before the election.
>
> "County Clerk
> _____ County
> _____, Arkansas
>
> 1. Because of _____, I will be absent from my voting precinct on the date of the _____ election to be held on the _____ day of _____, 19___.
>
> . . .
>
> Please mail an absentee ballot for the election indicated above.
> My voting precinct in _____ County is
> _____.
> My residence address is _____
> Mail my ballot to me at _____
> _____"

(Signature of Voter)

Appellant Forrest's complaint sets out a total of 74 persons whose votes are alleged to be illegal because, according to appellant Forrest, they did not give a valid reason to vote absentee when they filled in the blank on the above application form. Appellant argues that 50 of the ballots are illegal because the voters wrote "unable to get to the poll" as their reason for voting absentee. There is no allegation that any of the applications were false or that any of the voters could get to their polling place. Appellant Forrest's argument is plainly without merit since a voter necessarily will be unavoidably absent from his voting place if he is unable to get to that place. It is not essential that the voter give more than his primary reason. In *Lehigh* v. *Wooley*, 240 Ark. 976, 403 S.W.2d 79 (1966), we explained:

It was stipulated that appellees wrote the words "out of town" in the last blank space as the "reason" for being absent. It is appellants' contention however that the assigned "reason" is insufficient and does not meet the requirements of the above mentioned statute. This objection was appellants' sole ground for refusing to count appellees' ballots. The burden of appellants' argument appears to be that it was incumbent upon appellees to explain why it was necessary for them to be "out of town". The trial court held that the "reason" given by appellees was a substantial compliance with the statute, and we agree with that holding.

We do not believe the legislature meant for an absentee voter to explain in detail the "reason" for being absent on election day. If a real and convincing "reason" should be required, then it follows that someone would have to judge the sufficiency of that reason. Such a procedure could easily result in an elector being compelled to divulge personal secrets in order to exercise his constitutional right to suffrage.

Appellants lay much stress on the words "unavoidably absent" as meaning the elector must give a good reason why he will be "absent from town". We point out however that the elector is only required to give a good reason why he will be "absent" from the voting precinct. We then submit that if the elector is "out of town" on election day he will "be unavoidably absent" from his voting precinct.

■ The complaint does not state facts sufficient to set aside the 50 ballots which recited the reason "unable to get to the poll" and that, in turn, arithmetically ends this election contest case. We need not discuss it further. The mathematical summation is as follows. Appellant Forrest lost the election by 26 votes. She then sought to have 74 of her opponent's votes declared illegal. She did not state facts sufficient to void the first 50 of the 74 contested votes. Thus, only 24 votes listed in the complaint remain to be discussed, but there is no need to discuss them since even if all 24 votes were illegal, it would not change the result of the election.

The other complaint, the one filed by appellant Alexander, recites that the county election commission certified that appellee Billy Wood received 614 votes for alderman of ward one, position one, and that appellant Alexander received 608 votes, a difference of only 6 votes. Appellant argues that 74 of Wood's votes are illegal. He contends that 50 of them are illegal because "unable to get to poll" was the reason given in the application for absentee ballot. For the reason given in the preceding part of this opinion that allegation does not state sufficient facts to disenfranchise the 50 voters.

Appellant Alexander additionally pleads that fourteen named voters' ballots are illegal because they gave "work" as the reason for being unavoidably absent. There is no allegation that any of the reasons were false, or that the voters' work did not prevent them from being unavoidably absent. Appellant Alexander contends that filling in "work" as the reason for being unavoidably absent makes an absentee ballot an illegal one, as a matter of law. The argument is without merit since one's work may well make him unavoidably absent from his voting place on election day. *Simonetti* v. *Brick*, 266 Ark. 551, 587 S.W.2d 16 (1979).

He additionally pleads that one vote is illegal because the reason given in the application was "My age, I cannot get there." He pleads that two more are illegal when the reason given is "will not be able to get to the poll before 6:30" and another is "My husband doesn't get home from work in time." Again, there is no allegation that any of these reasons are false, or that any of the voters could have gotten to the polling places. The reasons stated are sufficient for an absentee ballot since they would cause each of the voters to be unavoidably absent from his polling place on election day. Again, the appellant does not state sufficient facts to void these votes.

Appellant Forrest pleads that two different voters should be disenfranchised, as a matter of law, because their application recited "sickness in the family." Again, the complaint does not allege that the application was false or that the sickness in the family was such that the voter was able to attend the polls. The allegation does not allege sufficient facts to void these two votes. A voter can have sickness in his family which renders him unable to

attend the polls.

From the discussion to this point, appellant Alexander has failed to state facts sufficient to void the 70 allegations we have examined so far. We need not examine the complaint further because even if the remaining allegations were sufficient to strike the remaining four ballots, it would make no difference since appellant Alexander lost by six votes.

Affirmed.

PURTLE, J., not participating.