The Honorable Tom Wynne Prosecuting Attorney Thirteenth Judicial District P.O. Box 748 Fordyce, AR 71742
Dear Mr. Wynne:
This is in response to Chief Deputy Prosecuting Attorney Caren Harp's request for an opinion regarding the race for the District 10 Justice of the Peace position at the May 24, 1994 primary. Apparently, twelve ballots from the Ebenezer Baptist Church Precinct were mistakenly distributed to voters of the Wyatt Precinct, which is outside District 10. Several votes were thus mistakenly cast by electors who should not have voted in that race. The resulting tally was a tie vote. Ms. Harp states that the candidates affected by the error agree to accept the election results and have their names appear on the ballot in the general primary run-off election.
The following questions are posed in this regard by the county board of election commissioners:
 Is the above proposed resolution of the problem legal? Is there a better way to handle it?
It is my understanding that the returns of the election have been canvassed, and that the results have been or will soon be certified by the county committee of the political party, presumably in accordance with A.C.A. 7-7-309 (Repl. 1993). Subsection (c) of 7-7-309 states:
 (c) When all returns and ballots are before the committee and it convenes as provided in this section, the committee
 shall canvass the returns and examine the ballots when demanded. It may hear testimony, if offered, of fraudulent practices and illegal votes, may cast out illegal votes and fraudulent returns, and find the true and legal vote cast for each candidate, and shall certify the result not later than Monday following the primary.
I assume, further, that no demand has been made for examination of the ballots during the canvassing (see 7-7-309(c), above), or that if such a demand is made, the results as certified by the party committee will nevertheless reflect a tie vote.[1]
While it seems clear, based upon the facts provided, that the certificate of vote is subject to challenge in a circuit court action (see A.C.A. 7-5-801 (Repl. 1993)), I see no legal impediment to the candidates' agreement to go forward with the results as certified. It is well-established that the right of contest is confined to a candidate. See generally Stewart v. Hunnicutt, 178 Ark. 829, 12 S.W.2d 418 (1929) and Rubens v. Hodges, 310 Ark. 451, 837 S.W.2d 465 (1992). And while there is a procedure, as noted above, for challenging a ballot, this procedure has apparently not been invoked in this instance. Nor, in my opinion, does the board of election commissioners have separate authority in this regard. It must be recognized that according to the Arkansas Supreme Court, a county board of election commissioners is a "ministerial entity" and does not have judicial power. State v. Craighead County Bd. of Election Comm'rs, 300 Ark. 405, 410, 779 S.W.2d 169 (1989); see also Carroll v. Schneider, 211 Ark. 538, 201 S.W.2d 221 (1947). It must therefore be concluded that the board of election commissioners lacks the authority to pass upon the validity of the returns as certified by the county party committee. An effort to reject those returns and, in so doing, possibly nullify the tie vote would in my opinion likely fail if challenged.
In conclusion, it appears that the only parties with standing to raise the issue have agreed to accept the tie-vote results. While one of the candidates might decide that the "better way" to handle it is through an election challenge, this right of action is limited to the candidates. If no such action is brought (see A.C.A. 7-5-801), the tie vote must be broken at the general primary election. See A.C.A. 7-7-202(b) (Repl. 1993) (providing that there will be no general primary where there are no races in which three or more candidates qualify, "unless a general primary election is necessary to break a tie vote for the same office or position at the preferential primary[;]" and A.C.A. 7-7-304(a)(3) (Repl. 1993) (stating that if no candidate receives a majority vote at the preferential primary, "the names of the two (2) candidates who received the highest number of votes . . . shall be printed upon the ballots at the general primary election."
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
cc: Ms. Caren Harp Chief Deputy Prosecuting Attorney Thirteenth Judicial District
[1] A procedure is also set forth under A.C.A. 7-5-312 for challenging a voter's ballot. When a candidate challenges a ballot, the ballot must be separated "to the end that the right of any person to vote may be determined later either by the county board of election commissioners or the county committee in a primary or the court in which an election contest may thereafter be filed." A.C.A. 7-5-312(b) (Repl. 1993). It is my understanding that no ballot has been challenged in this instance.